**In re Lawrence J. BUTTERWORTH, d/b/a S.E.A. Plasma Center and Buckeye Biologicals of Dayton, Inc., and Barbara K. Butterworth.**

No. G 82–128.

Bankruptcy No. NG 81–01122.

United States District Court,
W.D. Michigan, S.D.

Feb. 2, 1984.

James Seastrom, Muskegon, Mich., for appellant.

Brian Donovan, Wyoming, Mich., for trustee.

Jeffrey Hughes, Grand Rapids, Mich., for debtor.

## OPINION

ENSLEN, District Judge.

On March 16, 1981, Lawrence J. Butterworth, d/b/a S.E.A. Plasma Center, and Barbara K. Butterworth, filed a joint bankruptcy petition pursuant to Chapter 7 of the Bankruptcy Code. 11 U.S.C. §§ 101, *et*

*seq.* The first meeting of creditors, attended by B.B.D., Inc. (Appellant), was duly held on May 5, 1981. 11 U.S.C. § 341. At this meeting, Appellant apparently agreed with the trustee that it would enter into a stipulation abandoning its security interest in the debtor's equipment, inventory and accounts receivable. While the basis for this stipulation is not completely clear from the record, it appears that Appellant's failure to perfect its security interest in the aforesaid property prior to the 90 day period preceding bankruptcy constituted a preferential transfer under 11 U.S.C. § 547.

On May 27, 1981 Appellant forwarded the signed stipulation to the trustee along with copies of the legal documentation whereby Appellant transferred its assets to the debtor and reserved the purchase money security interest in the same.[1] In a cover letter Appellant stated its intention to file a proof of claim as an unsecured creditor in place of a previously filed proof of claim asserting its status as a secured creditor. Appellant was mistaken in its belief that a secured proof of claim had already been filed. In fact, Appellant delayed filing its unsecured claim until January 10, 1982, approximately 8 months after the first meeting of creditors.

On July 23, 1981, Appellant filed a Complaint objecting to the discharge of Lawrence Butterworth's indebtedness. It was alleged that Butterworth had, on several occasions, intentionally misstated his personal and business liabilities thereby inducing Appellant to enter into the contract for the sale of its assets. It was further alleged that this misinformation caused Appellant to refrain from exercising its legal remedies in spite of Butterworth's default. The Bankruptcy Court dismissed the Complaint on March 16, 1983. At some point after the six month period following the first creditors' meeting, Appellant, became aware of its failure to file a formal proof of

---

1. Lawrence Butterworth was engaged in the business of distributing blood plasma products. On June 17, 1980 Butterworth and one William Cox contracted with Appellant to purchase its

equipment and inventory along with such other intangibles as the Appellant's goodwill, blood donor list and covenant not to compete for $176,000.

claim and in a letter dated December 2, 1981, requested the trustee's consent to the filing of an "amended" proof of claim. Appellant contends that its correspondence with the trustee during the six month period provided a sufficient basis for a subsequent amendment. The trustee objected on the grounds that Appellant's failure to file a standard proof of claim within the six month period precluded it from sharing in the distribution of assets by virtue of Bankruptcy Rule 302. This appeal followed.

The appeal raises the issue of whether Appellant's letter to the trustee or the Complaint objecting to Lawrence Butterworth's indebtedness may be construed as an informal proof of claim when Appellant failed to file a formal proof of claim within the six month period prescribed by Rule 302.

11 U.S.C. § 501(a) provides:

A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest.

While the express wording of the statute makes the filing of a proof of claim permissive, it is clear from the legislative history that the unsecured creditor must file a claim in order to participate in the distribution of estate assets. See, H.R.Rep. No. 95–595, 95th Cong., 2nd Sess. 61 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. 11 U.S.C. § 501 does not establish any time limitations for the filing of claims; however, in passing the Bankruptcy Reform Act of 1978, Congress intended the time limitation for Chapter 7 cases continue to be the same period specified in the then existing Rules of Bankruptcy Procedure until new rules could be promulgated. See, Sen.Rep. No. 989, 95th Cong., 2nd Sess. 61 (1978). With exceptions not pertinent to this case, Rule 302(e) provides that a claim must be filed within six months from the date of the first meeting of creditors. Ap-

pellant's proposed amended claim clearly did not meet this deadline. The courts have generally held that this six month period is in the nature of a statute of limitations and is to be construed narrowly. See, In re Brown, 27 B.R. 771 (Bkrtcy.N.D. Ill.1983); In re Green, 30 B.R. 729 (Bkrtcy D RI 1983); In re Brown, 14 B.R. 233 (Bkrtcy ND Ill 1981); In re Foster, 11 B.R. 476 (Bkrtcy.S.D.Cal.1981).

Appellant does not argue that its letter to the trustee or the Complaint objecting to the discharge of its debt is a formal proof of claim in the sense of complying with Bankruptcy Rule 302 and Official Form 15.[2] However, the courts have created an exception to the filing of a standard claim form by allowing other documents filed within the six month period to serve as an informal proof of claim so long as the documents show that a demand is being made against the estate and that the creditor intends to pursue that claim. See, e.g., Matter of Evanston Motor Co., Inc., 26 B.R. 998 (N.D.Ill.1983). The tardy creditor must also show that no prejudice will result to other creditors or an undue administrative burden placed upon the bankruptcy court as would be the case where the amended claim was filed subsequent to final distribution of estate assets to priority and unsecured creditors. See, In re Gibraltor Amusements, Ltd., 315 F.2d 210 (CA 2 1963); Hoos & Co. v. Dynamics Corp. of America, 570 F.2d 433 (CA 2 1978); In re Alsted Automotive Warehouse, Inc., 16 B.R. 924 (Bkrtcy.E.D.N.Y. 1982).

The courts have recognized a number of situations in which the creditor has made a proper demand and manifested the necessary intent to hold the estate liable. See, Fyne v. Atlas Supply Co., 245 F.2d 107 (CA 4 1957) (amended claim allowed where debt was basis for involuntary petition and creditor's attorney attended first creditor's meeting and corresponded with trustee);

---

2. Pursuant to its authority to promulgate rules for bankruptcy procedure, the Supreme Court issued official forms prescribed for use in all bankruptcy cases in 1976. The standard proof of claim form is set forth in Official Form 15.

According to Bankruptcy Rule 909, these forms "shall be observed and used, with such alterations as may be appropriate to suit the circumstances."

*County of Napa v. Franciscan Vineyards, Inc.*, 597 F.2d 181 (CA 9 1979), *cert den.*, 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980) (creditor's sending to trustee two bills for delinquent taxes within six months of creditors' meeting sufficed as basis for amended claim); *Walsh v. Lockhart Associates*, 339 F.2d 417 (CA 5 1964) *cert den*, 380 U.S. 953, 85 S.Ct. 1085, 13 L.Ed.2d 970 (1965) (proof of claim filed beyond six month period allowed where trustee knew of such claim and had filed suit to avoid said claim); *In re Dialysis Service Company, Inc.*, 19 B.R. 940 (Bkrtcy.D.Col.1982) (letter from creditor's attorney sufficient to constitute claim where letter stated the sender was "a major creditor of the bankruptcy"); *In re Guardian Mortgage Investors*, 15 B.R. 284 (N.D.Fla.1981) (complaint for relief from automatic stay sufficient to constitute proof of claim).

■ In light of the foregoing cases, I find that Appellant's letter and its enclosures constituted an informal proof of claim. The letter expressly stated Appellant's intention to file an unsecured claim as it no longer enjoyed the status of a secured creditor. This statement was both evidence of the existence of Appellant's claim and its intention to assert that claim against the estate. The letter also included copies of those legal documents which would have had to have been appended to a formal proof of claim complying with Official Form 15.

Finally, none of the creditors will be prejudiced by this amendment. In a report dated April 18, 1983, the trustee informed the Court that, although the final meeting of creditors had been held, distribution of the estate's assets had been delayed due to some uncertainty as to whether further payments from the Internal Revenue Service for illegal setoffs would be forthcoming. It also appears that the distribution will be negligible if not entirely consumed by administration expenses.

■ I further find that Appellant's complaint objecting to the discharge of Butterworth's indebtedness does not qualify as an informal proof of claim. The creditor's obvious goal in filing such a legal proceeding is to compel the debtor to remain responsible for certain debts after receiving a bankruptcy discharge. Payment on the debt is sought from the debtor's post-bankruptcy earnings and not from the estate's assets. Thus, Appellant's Complaint fails to state an explicit claim against the estate assets.

The bankruptcy court denied Appellant's motion on the authority of *In re Beattie*, 102 F.Supp. 107 (W.D.Mich.1951). In that case, this Court, by Judge Starr, held that mail correspondence between the creditor's attorney and the trustee, the trustee's attorney and the bankruptcy referee in the six month period following the first creditor's meeting did not constitute a proof of claim. The court based its decision on the fact that this correspondence did not cause any notice of the debt to be placed in the bankruptcy file as would have been the case with the filing of a formal proof of claim. The court also interpreted the Bankruptcy Act of 1898 as requiring a proof of claim to be a sworn writing signed by the debtor.

■ To the extent that *Beattie* absolutely requires creditors to file a formal proof of claim complying with Official Form 15 before participating in the distribution of estate assets, I find the case to be unduly restrictive and contrary to the weight of case law on this issue. By forwarding to the trustee copies of its contracts with the debtor along with a cover letter stating its intention to file a claim against the estate, Appellant did all that was necessary to file a formal proof of claim other than completing a duplicate of Official Form 15. Sending this material to the trustee amounted to a constructive filing under Bankruptcy Rule 509 and thus placed on the record evidence of Appellant's debt.[3] Finally, no

**3.** Rule 509(c) provides:

> A paper intended to be filed but erroneously delivered to the trustee or receiver, or the

> attorney for either of them, or to the district judge, referee or clerk of the district court, shall, after the date of its receipt has been

showing has been made that allowing Appellant's amended claim to be filed will place undue hardship on the administration of this estate or prejudice other creditors.

Accordingly, an Order will be entered reversing the Bankruptcy Court's decision and allowing Appellant's amended proof of claim to be filed.

noted thereon, be transmitted forthwith to the proper person. In the interest of justice, the court may order that the paper shall be deemed filed as of the date of its original delivery.