**In re Mark K. & Carmela H. SHAFFNER, Debtors.**

**No. HK 04–00748.**

United States Bankruptcy Court, W.D. Michigan.

Feb. 22, 2005.

Steven J. Carpenter, Lead Attorney, Steven J. Carpenter, P.C., Grand Rapids, MI, for Debtors.

### OPINION RE: TRUSTEE'S OBJECTION TO CLAIM

JEFFREY R. HUGHES, Bankruptcy Judge.

Mary Viegelahn Hamlin, the Chapter 13 trustee, has objected to the allowance of the proof of claim filed by Shelly Grotenhuis in this bankruptcy proceeding. The sole basis offered by the Chapter 13 trustee for her objection is that Ms. Grotenhuis did not attach to her proof of claim "any documents evidencing the debt." The objection is denied for the reasons stated in this opinion.

### BACKGROUND

Debtors filed their petition for relief on January 23, 2004. They included in their Schedule F (Creditors Holding Unsecured Nonpriority Claims) a debt owed to Ms. Grotenhuis in the amount of $100.00. They listed Ms. Grotenhuis' debt as noncontingent, liquidated, and undisputed.

On February 24, 2004, Ms. Grotenhuis filed a timely proof of claim in the amount of $148.75. The form used by Ms. Grotenhuis for her proof of claim is the one required by Fed.R.Bankr.P. 3001(a). Ms. Grotenhuis stated in her proof of claim that Debtors' obligation to her was for "services performed." She also identified when she performed the services. Ms. Grotenhuis did not include any attachments with her proof of claim.

The Chapter 13 trustee filed her objection on March 10, 2004. The Chapter 13 trustee later submitted a proposed order sustaining her objection with an affidavit that Ms. Grotenhuis had not contested her objection within the time required by LBR 9013. However, I did not sign the order as requested. I scheduled a hearing instead.

The Chapter 13 trustee agreed at the hearing that her only basis for objecting to Ms. Grotenhuis' claim was that the proof of claim itself did not have attachments evidencing the obligation upon which the claim was made. I took the matter under advisement.

### DISCUSSION

The United States Bankruptcy Code contemplates a claims administration procedure whereby a proof of claim is to be filed by or on behalf of each creditor. 11 U.S.C. § 501.[1] The Federal Rules of Bankruptcy Procedure in turn dictate the form and the content of what must be filed.

(a) **Form and Content.** A proof of claim is a written statement setting

---

1. The Bankruptcy Code is set forth in 11 U.S.C. §§ 101–1330. Unless otherwise noted, all further statutory references are to the Bankruptcy Code.

forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form.

Fed.R.Bankr.P. 3001(a).

The official form for proofs of claim is Form B10, also known as Official Form 10. Section 9 of the form directs the claimant to attach "supporting documents."

> 9. **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.[2] (Emphasis in original).

The instructions included with the form give additional direction concerning what is to be attached as supporting documentation.

> 9. **Supporting Documents:** You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.[3]

The Chapter 13 trustee has not identified any document that Ms. Grotenhuis should have attached to her proof of claim. Indeed, the Chapter 13 trustee concedes that it is unlikely that Ms. Grotenhuis'

small claim would have generated any documentation. Nonetheless, the Chapter 13 trustee contends that Ms. Grotenhuis' proof of claim is deficient because Ms. Grotenhuis did not make an affirmative statement on her proof of claim to the effect that Debtors' obligation to her is undocumented.

■ I reject the Chapter 13 trustee's argument for three reasons. First, I can find nothing within the official form or the related instructions that requires Ms. Grotenhuis to make the affirmative statement the Chapter 13 trustee demands. The official form is at best ambiguous. It does require the claimant to furnish documentation evidencing the referenced obligation if such documents exist and are in the claimant's possession or control. It also requires the claimant to offer an explanation of why the claimant is unable to furnish all or a portion of the pertinent documentation related to the referenced obligation "if the documents are not available."

However, the official form is not clear as to whether the claimant must offer an explanation when documentation is non-existent. While the requirement to offer an explanation could be interpreted as encompassing a situation where no documents ever existed, the "not available" requirement can also be interpreted as encompassing only those instances where documents did exist but are no longer in the claimant's possession or control. "Not available" itself suggests that the

---

2. Ms. Grotenhuis filed her claim on the 4/01 version of Form 10. That version's language regarding "Supporting Documents" is identical to the current 04/04 version except that the prior version included a requirement that all copies be sent on 8½ × 11 paper.

3. Section 9 of the official form and the attendant instructions are broader in scope than the documentation requirement of Fed. R.Bankr.P. 3001 itself.

(c) **Claim Based on a Writing.** When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

Fed.R.Bankr.P. 3001(c).

requirement relates only to documents that the claimant once possessed but that are now missing or otherwise unavailable. The context in which the requirement is imposed also favors a more restrictive interpretation since the direction to the claimant to explain why documents are not available follows immediately after the separate direction to the claimant to furnish all documents that are available. In any event, it would be patently unfair to disallow Ms. Grotenhuis' claim because she did not include an affirmative statement that no documents existed to evidence her obligation when the official form itself is unclear as to whether such an affirmative statement is required.

Although not directly on point, the Sixth Circuit's opinion in *Spiers v. Ohio Dept. of Natural Resources (In re Jenny Lynn Mining Co.)*, 780 F.2d 585 (6th Cir.1986) is instructive as to whether Ms. Grotenhuis' claim should be disallowed because of her failure to explain why documentary evidence was not attached to it. The Chapter 7 trustee in *Jenny Lynn Mining* objected to the Ohio Department of Natural Resources' proof of claim because the claimant had failed to attach documentation that substantiated its claim. The Chapter 7 trustee relied upon former Bankruptcy Rule 302(c) as support for his position. The former rule contained language similar to that of Fed.R.Bankr.P. 3001(a).[4]

The bankruptcy court rejected the Chapter 7 trustee's argument and the district court affirmed. The Sixth Circuit also affirmed. It held that "the purpose of Rule 302(c) was to apprise the bankruptcy court and the trustee of the terms of any writing which formed the basis of a claim." *Id.* at 587. It then observed that the debtor's liability to the State of Ohio was based upon statute, and not upon any writing. Therefore, the Sixth Circuit concluded that the Ohio Department of Natural Resources had no obligation under former Rule 302(c) to attach anything to the proof of claim it filed.

■ The Chapter 13 trustee has also failed to establish that Ms. Grotenhuis' proof of claim does not in fact comply with Fed.R.Bankr.P. 3001(a). That rule requires only that the proof of claim submitted "conform **substantially** to the appropriate Official Form." (Emphasis added). Again, the only fault that the Chapter 13 trustee has found with Ms. Grotenhuis' proof of claim is that Ms. Grotenhuis did not offer an explanation as to why she did not attach documents to her proof of claim. There are certainly instances where a claimant's failure to attach documents or to offer an explanation for their absence might constitute a substantial failure to conform to the official form. For example, it is likely that a proof of claim evidencing a home mortgage loan would not be in substantial compliance with the official form if that proof of claim did not include with it a copy of a promissory note or an explanation as to why a copy was not attached. However, in the instant case, it is evident from the proof of claim itself that the debt owed to Ms. Grotenhuis is undocumented. Therefore, it is difficult to understand how Ms. Grotenhuis' mere failure to confirm this information can warrant the conclusion that Ms. Grotenhuis

4.  When a claim, or an interest in property of the debtor securing the claim, is founded on a writing, the original or a duplicate shall be filed with the proof of claim unless the writing has been lost or destroyed. If lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim. If a security interest is claimed, the proof of claim shall be accompanied by satisfactory evidence that the security interest has been perfected.

Former Bankruptcy Rule 302(c).

did not substantially comply with Fed. R.Bankr.P. 3001.

It is also difficult to reconcile the Chapter 13 trustee's position with the acceptance of what the Sixth Circuit characterizes as "informal proofs of claim."

The notion of informal proof of claims has been in existence for nearly a century. *See Hutchinson v. Otis,* 190 U.S. 552, 555, 23 S.Ct. 778, 47 L.Ed. 1179 (1903); *see also J.B. Orcutt Co. v. Green,* 204 U.S. 96, 102, 27 S.Ct. 195, 51 L.Ed. 390 (1907). It permits a bankruptcy court to treat the pre-bar date filings of a creditor as an informal proof of claim which can be amended after the bar date so that it is in conformity with the requirements of Fed. R. Bankr.P. 3001(a).

Creditors who have failed to adhere to the strict formalities of the Bankruptcy Code but who have taken some measures to protect their interests in the bankruptcy estate may be able to preserve those interests by showing that they have complied with the spirit of the rules. As one court has stated:

> The intent of the informal Proof of Claim concept is to alleviate problems with form over substance; that is, equitably preventing the potentially devastating effect of the failure of a creditor to formally comply with the requirements of the Code in the filing of a Proof of Claim, when, in fact, pleadings filed by the party asserting the claim during the claims filing period in a bankruptcy case puts all parties on sufficient notice that a claim is asserted by a particular creditor. *In re WPRV–TV, Inc.,* 102 B.R. 234, 238 (Bankr.E.D.Okla.1989).

*In re M.J. Waterman Assoc., Inc.,* 227 F.3d, 604, 608–609 (6th Cir.2000). (Footnote omitted). The Sixth Circuit in *Waterman* then observed in a footnote that "the informal proof of claims doctrine is still very much alive." *Id.* at 608, n. 4.

*Waterman* and other courts have relied upon "informal" proofs of claim to prevent subsequent "formal" proofs of claim from otherwise being disallowed as tardy. These courts have in effect concluded that deficiencies in either the form or the content of what a creditor has filed for purposes of asserting its claim against the estate can be corrected through a later amendment so long as what has been filed is timely, it meets certain minimum criteria, and allowance of the claim as amended is otherwise equitable. *Id.* at 609. *See also, In re Butterworth,* 50 B.R. 320, 322–24 (Bankr.W.D.Mich.1984); *In re Dietz,* 136 B.R. 459, 464 (Bankr.E.D.Mich.1992).

*Dietz* described an "informal proof of claim" as any "written document filed with the bankruptcy court which contains a demand ... to hold the debtor liable for an alleged debt ...." 136 B.R. at 464. *Waterman* has since elaborated upon this definition.

> The standards used by courts varies throughout the country, but this jurisdiction has settled on a four element test articulated in *In re Vaughn Chevrolet,* 160 B.R. 316 (Bankr.E.D.Tenn.1993):
>
> 1. The proof of claim must be in writing;
>
> 2. The writing must contain a demand by the creditor on the debtor's estate;
>
> 3. The writing must express an intent to hold the debtor liable for the debt; and
>
> 4. The proof of claim must be filed with the bankruptcy court.

227 F.3d at 609.

What is absent from the *Waterman* criteria for an informal proof of claim is any requirement that the claim be documented. Consequently, *Waterman* and similar deci-

sions cast doubt on the Chapter 13 trustee's position that a proof of claim may be disallowed simply because it does not include the required attachments. These decisions support instead the proposition that a creditor's failure to include documents with its otherwise timely proof of claim is not fatal to the administration of that claim. They hold that a creditor's claim may still be administered if the deficiency is later corrected through an amendment. Indeed, the amendment may be made years after the claims bar date has passed so long as equity otherwise does not preclude the amendment.

■ I agree with those courts that have held that a claim may be disallowed only for one of the reasons set forth in 11 U.S.C. § 502(b). *See, In re Dove–Nation,* 318 B.R. 147, 150 (8th Cir. BAP 2004); *In re Cluff,* 313 B.R. 323, 331–32 (Bankr. D.Utah 2004). Claims allowance should not be confused with the broader concept of claims administration. Claims allowance (or, perhaps, more appropriately, claims disallowance) is a process whereby the trustee or any other party in interest may invoke the bankruptcy court to establish the legal validity and/or the amount of a disputed claim. Section 502(b) specifies the circumstances under which the objecting party may avail himself of this judicial process. Section 502(b)(1) permits the objecting party to challenge the validity of the claim for any of the myriad reasons that would arise either under the agreement itself (*e.g.,* the amount owed is $1,000, not $2,000) or under applicable non-bankruptcy laws (*e.g.,* lack of consideration or the statute of frauds). Subsections (b)(2) through (b)(8) in turn offer

other bases for the objecting party to further reduce or even eliminate the amount of the claim.[5]

■ An undocumented proof of claim may prompt a legitimate Section 502(b) objection by the trustee. For example, the absence of an executed promissory note might justify a Section 502(b)(1) objection based upon the applicable statute of frauds. However, the mere failure to provide documentation, in and of itself, is no more a basis for challenging the validity or amount of a claim in a bankruptcy proceeding than it is in a non-bankruptcy proceeding.

■ The official claim form and the attendant requirement for the creditor to provide supporting documentation are in reality nothing more than devices designated to facilitate a trustee's administration of claims made in the bankruptcy proceeding. "[T]he purpose of Rule 302(a) [now Rule 3001(a)] was to apprise the bankruptcy court and the trustee of the terms of any writing which formed the basis of a claim." *Jenny Lynn Mining,* 780 F.2d at 587. Compliance is certainly important. However, the mere failure to comply with rules concerning the form and content of a proof of claim is not justification under the Bankruptcy Code to judicially invalidate a creditor's otherwise lawful claim.

The trustee does have the discretion to simply ignore a filed claim if what is filed does not meet the formal requirements of Fed.R.Bankr.P. 3001. However, the trustee does not exercise this discretion in conjunction with her authority to invoke

**5.** Congress clearly had the authority to create such additional defenses pursuant to its constitutional power to create uniform bankruptcy laws. These additional "bankruptcy" defenses are akin to the trustee's avoidance powers under 11 U.S.C. § 544 and the trustee's ability to cure defaults in executory contracts and leases under 11 U.S.C. § 365(b). In effect, subsections 502(b)(2) through (b)(8) represent federally created defenses to otherwise legal claims that may be raised only in the context of a bankruptcy proceeding.

the judicial process of claims disallowance set forth in Section 502(b). Rather, the trustee's discretion derives from her more general authority under Section 704 to administer claims.

■ The distinction between the acceptance or rejection of a claim for administrative purposes and the validation of that claim once it is administratively accepted was touched upon in *In re Butterworth.*

> While the express wording of the statute [11 U.S.C. § 501(a)] makes the filing of a proof of claim permissive, it is clear from the legislative history that the unsecured creditor must file a claim in order to participate in the distribution of estate assets. *See,* H.R.Rep. No. 95–595, 95th Cong., 2nd Sess. 61 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

50 B.R. at 322.

The court in *Dietz* thereafter reached a similar conclusion. *See, In re Dietz,* 136 B.R. at 465. Moreover, as both *Butterworth* and *Dietz* recognized, the informal proof of claim doctrine is incomprehensible unless a distinction is made between the acceptance of claims for administration purposes and the validation of claims in conjunction with the claims allowance process.

> According to the view articulated in *Collier,* however, a creditor's right to payment on an informal claim essentially remains inchoate until such time as the proof of claim is amended so as to bring it into conformity with F.R.Bankr.P. 3001(a). *Collier* characterized this view as "contrary to logic," 8 *Collier,* ¶ 3001.03 n. 54, but why this might be so is poorly explained.
>
> The crux of *Collier's* criticism appears to be its contention that a claim should not be considered amendable unless it "satisf[ies] the filing requirements of § 501 of the Code (and, by extension, Rule 3001)." *Id.* But if that premise is accepted, the upshot would be that a creditor could amend a claim to make it conform with Bankruptcy Rule 3001 only if the original claim conforms with that rule. Of course, the net result of such circuitous reasoning is the elimination of the informal proof of claim doctrine. *See McCoy Mgmt.,* 44 B.R. at 218 n. 13 ("[C]ourts have indicated that the 'substantial conformity' language of Rule 3001(a) need only be met by a proof of claim *as amended.* It is clear that if [this] language was strictly interpreted then no informal proof of claim would ever be allowed." (emphasis added)).

136 B.R. at 465. (Footnote omitted).

A cocktail napkin with only the creditor's name and the amount owed could conceivably constitute a proper claim against the estate. However, a bankruptcy proceeding that permitted such a broad universe of claims would be an administrative nightmare. Consequently, the Supreme Court, with Congress' acquiescence,[6] established rules concerning what would be deemed a "proper" proof of claim for purposes of the trustee's administration of the bankruptcy estate. For example, a proof of claim must include information concerning the basis for the claim, the date the debt was incurred, whether interest and other charges are included in the claim, and the secured or priority status of the claim. In addition, various supporting documents are to be attached. *See* Fed. R.Bankr.P. 3001 and Official Form 10.

■■ Clearly, all of this required information is useful for purposes of the trustee's and other parties' evaluation of the creditor's right to participate in the

6. 28 U.S.C. § 2075.

administration of the debtor's bankruptcy proceeding. Indeed, a creditor's failure to comply with the requirements of Fed. R.Bankr.P. 3001 would be sufficient justification for the trustee to ignore the creditor's claim in administering the bankruptcy proceeding. However, a trustee's decision to accept or ignore a particular claim for purposes of administration, unlike her decision to dispute the validity or amount of the claim, does not require the involvement of the judiciary. Rather, her decision to accept or ignore what a creditor submits as its claim form falls within the general authority given to the trustee to administer the bankruptcy proceeding pursuant to Section 704(a), and the specific authority given to the trustee to administer claims pursuant to Section 704(5). A trustee's decision to administer a particular claim or not is conceptually no different than the numerous other non-judicial decisions the trustee must make from day to day. If the documentation included with a creditor's proof of claim falls short of what is required by Fed. R.Bankr.P. 3001, then it is within the trustee's prerogative to choose not to administer that claim. On the other hand, if the trustee is satisfied that the claim as filed is sufficient for purposes of administration, then it is also within her prerogative to ignore its deficiencies and to proceed with administering it as submitted. The important point is that this decision is made outside the context of the Section 502(b) claims objection process. Judicial involvement is required only if a creditor or some other party in interest asserts that the trustee has abused her discretion by, for example, refusing to administer a

timely proof of claim that clearly conforms with the requirements of Fed. R.Bankr.P. 3001.

If a trustee elects not to administer a particular proof of claim because it is deficient as to form or content, the appropriate course of action is to simply advise the creditor that she will not administer the creditor's claim until an amendment is filed that corrects the deficiencies and that she will administer it then only if administration of the claim at that time is equitable under the circumstances. *In re Waterman*, 227 F.3d at 610.[7] The trustee may communicate her decision to the creditor in any number of ways. The only caveat is that the trustee may not have her decision validated with a complementary court order.

Requiring the trustee to make this administrative decision without the benefit of an adjudication may be disquieting to trustees who served under the Bankruptcy Act. Bankruptcy courts back then were involved in virtually every decision the trustee made. So-called "comfort orders" were the norm, not the exception. However, the Bankruptcy Code radically changed the relationship between the bankruptcy court and the trustee by removing the bankruptcy judge from the day-to-day administration of the bankruptcy estate. As I explained in *In re Dalen*, 259 B.R. 586, 596–98 (Bankr.W.D.Mich.2001), intervention of the bankruptcy court is now limited to only those instances where the Bankruptcy Code actually authorizes such involvement. The Bankruptcy Code without question provides for court intervention when there is a dispute between the trus-

---

7. This analysis assumes that the deficient proof of claim meets the informal proof of claim criteria set forth in *Waterman* and that it was filed within the time required by Fed. R.Bankr.P. 3002. If either of these conditions have not been met, then the trustee would have the independent right to have the creditor's claim disallowed as tardy pursuant to Section 502(b)(9) if and when the late claim or amendment is filed. *In re Waterman*, 227 F.3d at 609.

tee and a creditor as to whether a claim submitted is valid or the amount is correct. 11 U.S.C. § 503(b). However, the Bankruptcy Code provides no similar direction with respect to disagreements as to the technical sufficiency of the proof of claim filed. Such disagreements are simply administrative issues which must be addressed by the trustee as part of her day-to-day responsibilities in connection with the bankruptcy proceeding.

Trustees may feel slighted because they are not permitted under the Bankruptcy Code to use the threat of judicially sanctioned claim disallowance as a tool to procure documentary evidence related to a proof of claim. However, Fed.R.Bankr.P. 3001 itself provides the trustee with a tool that most litigants are not afforded. For example, if the dispute in this instance were instead over the amount owed to the bankruptcy estate because of a personal injury to the debtor, the defendant's failure to voluntarily provide to the trustee documents substantiating its position concerning the dispute would not give rise to an automatic judgment in favor of the trustee for the damage claimed. Rather, the defendant's failure to cooperate would lead to a request for production, followed then, if necessary, by an order to compel, and followed then, if necessary, by a sanction which could, but might not, award judgment in the trustee's favor. Fed. R.Bankr.P. 7034 and 7037.

Therefore, Fed.R.Bankr.P. 3001 places the trustee at a clear advantage in the claims allowance process. If the trustee wants a creditor to substantiate its claim, the trustee does not have to file a request for production or follow that request with a motion to compel or a motion for sanctions. Rather, the trustee can simply refuse to administer the proof of claim as filed. The creditor is then left with three alternatives: (1) provide the documents requested; (2) abandon its claim; or (3) file a lawsuit on the theory that the trustee has abused her discretion. Consequently, Fed. R.Bankr.P. 3001 provides the trustee with a formidable tool to compel cooperation from a creditor in connection with the administration of its claim.

█ A trustee is also well within her rights to object to the validity or amount of the creditor's claim as filed pursuant to Section 502(b). For example, a creditor's failure to attach supporting documentation might warrant a Section 502(b)(1) objection on the basis that the claim made is subject to the applicable statute of frauds. Of course, the trustee could file such an objection only if she in fact reasonably believed that the law actually required a written agreement with respect to the transaction in question. Fed.R.Bankr.P. 9011(b).

In the instant case, Ms. Grotenhuis has asserted a $148.75 claim for unpaid services. She has used the official form to make her claim. No documents are attached to that claim.

The Chapter 13 trustee could certainly have chosen not to administer Ms. Grotenhuis' claim. However, her decision to do so would have been suspect given that the Chapter 13 trustee has offered no justification for that course of action other than the dubious argument that Ms. Grotenhuis has not explained why her $148.75 claim is undocumented.[8]

---

8. I stated at the September 2, 2004 hearing, and I state again here, that my *sua sponte* challenge of the Chapter 13 trustee's objection should not be interpreted as a criticism of the Chapter 13 trustee. The administration

of undocumented proofs of claim is currently a hot topic. I consider the Chapter 13 trustee's objection to Ms. Grotenhuis' claim as simply the Chapter 13 trustee's best effort to

The Chapter 13 trustee could also have filed an objection to the allowance of Ms. Grotenhuis' claim on the theory that it was invalid or because the claimed amount was wrong. However, it appears that the Chapter 13 trustee is satisfied that Ms. Grotenhuis' claim is enforceable as an oral contract and that either the amount claimed by Ms. Grotenhuis is accurate or that the difference between what Ms. Grotenhuis has claimed ($148.75) and what the Debtors have scheduled ($100.00) is not worth disputing.

Finally, the Chapter 13 trustee could have also chosen to just administer Ms. Grotenhuis' claim as filed. In fact, under the circumstances, it appears that this last alternative is what the Chapter 13 trustee should have done. After all, Ms. Grotenhuis appears to be an unsophisticated creditor who is legitimately owed money by Debtors. In any event, it is quite clear that the Chapter 13 trustee cannot have Ms. Grotenhuis' claim judicially invalidated simply because the Chapter 13 trustee is of the opinion that Ms. Grotenhuis did not fill out a form correctly.

### CONCLUSION

Ms. Grotenhuis is collateral damage in an escalating war between bankruptcy trustees and creditors. The war is over claims filed by assignees of obligations that may have originated years ago. Hostilities exist because the proofs of claims filed by these assignees are often devoid of documentation evidencing the debt or establishing the amount owed.

A trustee may use a claimant's failure to provide documentation to justify a proper Section 502(b) objection (*e.g.*, statute of frauds, disputed amount, etc.) provided, of course, that the objection complies with Fed.R.Bankr.P. 9011. However, a trustee perform her duties in this uncertain environ-

may not use Section 502(b) to disallow a claim because the proof of claim filed does not comply with Fed.R.Bankr.P. 3001 or Official Form No. 10. Therefore, objections to claims that are made on this basis must be denied.

A separate order will issue denying the Chapter 13 trustee's objection to Ms. Grotenhuis' claim.