**In re Donna C. MAZZONI, Debtor.**

**No. 03–24141.**

United States Bankruptcy Court,
D. Kansas.

Dec. 20, 2004.

Michael H. Berman, J. Brock Rowatt, Overland Park, KS, for Creditors.

Drew Frackowiak, Overland Park, KS, for Debtor.

**MEMORANDUM OPINION**[1]

ROBERT D. BERGER, Bankruptcy Judge.

This matter is before the Court on the debtor's objections (Doc. Nos. 16, 17, 18, and 20) to proofs of claim filed by American Express Centurion Bank; MBNA America Bank, N.A.; Chase Manhattan Bank USA, N.A.; and eCAST Settlement Corporation (the "Creditors"), respectively. The debtor, Donna C. Mazzoni ("Ms. Mazzoni"), objects to each proof of claim on the ground that "the writing on which the claim is based is not attached to the Proof of Claim." This matter constitutes a core proceeding[2] over which this Court has jurisdiction.[3] The objections to proofs of claim raise questions of law, the resolution of which would not be furthered by holding an evidentiary hearing. All facts and documents necessary for the resolution of these matters are before the Court. Having reviewed Ms. Mazzoni's objections and the responses thereto, the Court concludes she is not entitled to the relief requested. Accordingly, her objections to proofs of claim are overruled.

### Background

The table below illustrates the claims that are at issue as well as the corresponding amounts scheduled by Ms. Mazzoni in her bankruptcy.

| Creditor | Claim No. | Amount Claimed | Amount Scheduled by Debtor |
|---|---|---|---|
| American Express Centurion Bank | 4 | $ 8,943.32 | $ 8,794.00 |
| MBNA America Bank, N.A., by eCAST Settlement Corporation, as its agent | 5 | $ 10,063.36 | $ 10,063.36 |
| Chase Manhattan Bank USA, N.A., by eCAST Settlement Corporation, as its agent | 7 | $ 3,936.67 | $ 3,825.38 |
| eCAST Settlement Corporation, assignee of General Electric/JCP Consumer | 9 | $ 217.18 | Not Scheduled |

American Express Centurion Bank (Claim No. 4) filed a timely written response to Ms. Mazzoni's objection. eCast Settlement Corporation ("eCast"), as the assignee of MBNA America Bank (Claim No. 5), Chase Manhattan Bank (Claim No. 7), and General Electric/JCP Consumer (Claim No. 9), also filed a timely written response to Ms. Mazzoni's objections.

The issue before the Court is whether a claim may be denied on a Chapter 13 debtor's objection solely because the writing on which the claim is based is not attached to the proof of claim.

### Discussion

Section 501(a)[4] provides that a creditor having a claim[5] may file a proof of claim in a debtor's case.[6] The Federal

---

1. Donna C. Mazzoni is represented by Drew Frackowiak. The Creditors are represented by J. Brock Rowatt and Michael H. Berman.

2. 28 U.S.C. § 157(b)(2)(B).

3. 28 U.S.C. § 1334.

4. Unless otherwise indicated, all Chapter, Section and Rule references are to the Bank-ruptcy Code, 11 U.S.C. §§ 101, *et seq.*, and to the Federal Rules of Bankruptcy Procedure, Rules 1001, *et seq.*

5. A "claim" is defined as a "right to payment ... or ... right to an equitable remedy." Section 105(a).

6. 11 U.S.C. § 501(a).

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") govern the procedure for determining whether a filed proof of claim may share in the distribution of an estate and should be "construed to secure the just, speedy, and inexpensive determination" of any disputed claims.[7] Rule 3001 generally governs the process for executing and filing a proof of claim and provides in relevant part:

(a) **Form and Content.** A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form.

(b) **Who May Execute.** A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005.

(c) **Claim Based on a Writing.** When a claim, or an interest in property of the debtor securing a claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

. . . .

(f) **Evidentiary Effect.** A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.[8]

Section 502 states that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects."[9] If a party in interest files an objection, the court must determine the proper amount of the claim and allow it accordingly, unless certain criteria, inapplicable here, are met.[10]

In the present case, Ms. Mazzoni has objected to the Creditors' proofs of claim solely on the ground that the Creditors did not attach to the proofs of claim the writings on which the claims were based. However, contrary to Ms. Mazzoni's requested relief, "[f]ailing to attach the writing required by Bankruptcy Rule 3001(c) 'does not automatically invalidate the claim: it does, however, deprive the claim of *prima facie* validity under Bankruptcy Rule 3001(f).' "[11] If a claim does not have *prima facie* validity, the claimant still satisfies its initial burden of proving the existence and amount of the claim with the presentation of the proof of claim, which is signed under penalty of up to $500,000 or up to five years in prison.[12]

Here, the Creditors' proofs of claim provide evidence of a demand for payment from the estate, including the demanding

7. FED. R. BANKR.P. 1001.

8. FED. R. BANKR.P. 3001.

9. 11 U.S.C. § 502.

10. *See* 11 U.S.C. § 502(b)(1)–(9).

11. *In re Cluff*, 313 B.R. 323, 337 (Bankr. D.Utah 2004) (citing *In re Los Angeles Int'l Airport Hotel Assocs.*, 196 B.R. 134, 139 (9th Cir. BAP 1996)); *see also In re Kemmer*, 315 B.R. 706, 713 (Bankr.E.D.Tenn.2004).

12. 18 U.S.C. §§ 152, 3571; *see also In re Shank*, 315 B.R. 799, 811–12 (Bankr.N.D.Ga. 2004) (concluding that "an objection to a proof of claim based solely on the lack of attached documents provides no basis for disallowance of a claim, even if the claimant declines to respond to the objection."); *Kemmer*, 315 B.R. at 713 ("[T]he objecting party is still required to present evidence that the claim is legally deficient."); *Cluff*, 313 B.R. at 340 ("[I]t is not enough for a debtor to file a mere formal objection without more because the allegations on the face of the proof of claim are more than a mere pleading: they are signed under penalty of up to $500,000 or up to five years in prison.").

creditor's name, an account number by which the creditor identifies the debtor, and the amount of the claim at the time the case was filed. Therefore, in order to prevail on her objections to the Creditors' proofs of claim, Ms. Mazzoni must come forward with evidence that would minimally "meet, overcome, or at least equalize" the Creditors' statements on the proofs of claim.[13] In other words, because the Creditors have satisfied their initial burden of proving the existence and amount of their claims with the presentation of their proofs of claim, Ms. Mazzoni must have a basis for challenging the validity of their claims.[14] Ms. Mazzoni has presented no basis for challenging the Creditors' proofs of claim and her objections should accordingly be overruled.

### Conclusion

Having considered the relevant issues and law, the Court hereby overrules Ms. Mazzoni's objections to the Creditors' proofs of claim.

---

13. *Cluff,* 313 B.R. at 340; *see also Kemmer,* 315 B.R. at 713 ("[T]he objecting party is still required to present evidence that the claim is legally deficient.").

14. Like the court in *In re Cluff,* this Court agrees that it is important to distinguish a Chapter 13 debtor's right to object to a proof of claim on the ground that no documents were attached supporting the claim from a Chapter 7 or 11 trustee's rights. *Cluff,* 313 B.R. at 343. A Chapter 7 or 11 trustee has neither the personal history nor firsthand knowledge of the debtor's debts. *Id.* As a result, a Chapter 7 or 11 trustee's objection to a proof of claim on the ground that no documents were attached supporting the claim likely mandates a different analysis and conclusion.