**In re Richard L. SANDIFER, and Patricia L. Sandifer, Debtors.**

**No. 6:03–BK–14519–ABB.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Dec. 22, 2004.

---

**12.** *Grossman Holdings Ltd. v. Hourihan,* 414 So.2d 1037, 1039 (Fla.1982).

**13.** *Id.*

Douglas W. Neway, Orlando, FL, for Debtor.

Gary J. Lublin, Orlando, FL, for Creditor.

## ORDER

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came on Debtors Objections to Claim Numbers 3, 6, 7, 8, 9, 10 and 11 (Doc. 22, 31, 32, 33, 34, 25, and 26 respectively) and eCast Settlement Corporation's ("eCast") Response (Doc. 43). The following Findings of Fact and Conclusions of Law are made after reviewing the evidence.

### FINDINGS OF FACT

Debtors filed Chapter 13 on December 12, 2003 with debts owed to Sam's Club Consumer, Chase Manhattan Bank, U.S.A., N.A. and MBNA America Bank, N.A. ECast filed proofs of claim as assignee of General Electric Private Label/ Sam's Club Consumer (claim no. 3), and as agent for Chase Manhattan Bank, U.S.A., N.A. (claim nos. 6 and 7) and MBNA America Bank, N.A. (claim nos. 8, 9, 10 and 11).

Neither the proofs of claim, nor the attachments, initially filed by eCast provide adequate documentation, i.e., charges, payments, fees, and interest. Claim number 3 reiterates the account number and balance provided on the face of claim. A "Customer Information System" printout is attached to claim numbers 8, 9, 10 and 11 and reiterates the balance stated on the face of the claims.

Adequate documentation is necessary to verify the amount of the claim. ECast left blank the box on Official Form 10, regarding whether the claims included interest or other charges above the principal amount, and altered paragraph 8 of Official Form 10, for each of the claims.[1] Debtors filed

---

1. ECast altered paragraph 8 of Official Form 10 to read as follows:

   SUPPORTING DOCUMENTS: Itemized monthly statements of account were mailed to the debtor pre-petition: claimant maintains copies of said documents on microfilm or image processing and reproduction of same absent a dispute as to the balance would be unduly time consuming and burdensome; nevertheless, where an interested party so requests, claimant will search its records to provide copies of said month (sic) account

objections to claim numbers 3, 6, 7, 8, 9, 10 and 11 pursuant to Bankruptcy Rule 3001(c) for failure to attach supporting documents. ECast filed a response to all of the objections on July 15, 2004. A hearing was set for July 21, 2004.

ECast filed amended proofs of claim for claims 3, 6, 7, 8, 9, 10 and 11 subsequent to the hearing. Amended claim 3 attached a "Verification of Itemized Statement" reflecting charges, payments, finance charges and an ending balance. Two to four months of prepetition credit card statements were attached to Amended claims 6, 7, 8, 9, 10 and 11.

### CONCLUSIONS OF LAW

■ The proofs of claim initially filed by eCast did not meet the requirements of Bankruptcy Rule 3001(c). Rule 3001 "was drafted to satisfy certain needs in the administration of a bankruptcy estate."[2] Rule 3001(c) states:

> when a claim is based upon a writing, the original or duplicate of the writing shall be filed with the proof of claim or the claimant must attach a statement indicating the writing has been lost or destroyed, if that is the situation.[3]

A summary of the documents, if voluminous, should be attached pursuant to paragraph 9 of Official Form 10.

■ The purpose of Rule 3001(c) is to permit a creditor who attaches adequate documents to his proof of claim to refrain from presenting additional evidence; the documents establish prima facie evidence of the validity of the claim.[4]

■ The Debtor is entitled to fair notice of the conduct, transaction and occurrence that forms the basis of the claim. Adequate documentation of the claim reflecting charges, payments, fees and interest enables Debtor or Trustee to evaluate and challenge, if necessary, portions of the claim deemed inaccurate. The claimant should provide documentation in understandable language, specifically setting forth the basis of the claim, including the calculation of interest and fees. Adequate documentation, such as monthly account statements, is necessary to verify the total amount of the claim.

■ Debtors are entitled to adequate documentation regarding the claims, but creditors should not be burdened with providing unnecessary documentation. A bright line test determining the adequacy of the documentation for every circumstance is not practical. The adequacy of the documentation is to be evaluated on a case by case basis.

The proofs of claim initially filed do not enable determination of the accuracy of the claim based on the failure to provide documentation of charges, payments, fees and interest. The amended claims provide adequate documentation for determination of the validity of each claim. Two to four months of credit card statements were attached for amended claims 6, 7, 8, 9, 10, 11 and documentation of charges, payments, fees and interest was attached for amended claim 3.

Debtor and Trustee are able to determine the accuracy of each claim with the documentation provided. Therefore, it is

---

statements. To request further documentation please call Becket & Lee LLP at 1–800–962–6030 and ask to speak to the Claims Servicing Supervisor. Claim may include contractual interest and/or late charges.

2. *See In re Ellington,* 151 B.R. 90, 92 (Bankr. W.D.Tex.1993).

3. Fed. R. Bankr.P. 3001(c).

4. *In re Consolidated Pioneer Mtg.,* 178 B.R. 222, 226 (9th Cir. BAP 1995); Rule 3001(f).

**ORDERED, ADJUDGED AND DE-CREED** that Debtor's Objections to Claim Numbers 3, 6, 7, 8, 9, 10 and 11 is **SUSTAINED**: it is further

**ORDERED, ADJUDGED AND DE-CREED** that Claim Numbers 3, 6, 7, 8, 9, 10, and 11 of eCast Settlement Corporation are **DISALLOWED**; it is further

**ORDERED, ADJUDGED AND DE-CREED** that amended Claim Numbers 18, 19, 20, 21, 22, 23, and 24 of eCast Settlement Corporation are **ALLOWED**.