**In the Matter of Yolanda Whitmire ISOM, Debtor.**

**Yolanda Whitmire Isom, Movant,**

v.

**eCast Settlement Corporation, Successor to Household Finance Company/Beneficial National Bank, Respondents.**

**No. 04–70837–PWB.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Feb. 8, 2005.

James R. Jester, Atlanta, GA, for Yolanda Whitmire Isom, Movant.

---

## ORDER DISALLOWING PROOF OF CLAIM NO. 1 OF eCAST SETTLEMENT CORPORATION

PAUL W. BONAPFEL, Bankruptcy Judge.

The Debtor has objected to Proof of Claim No. 1 filed by eCAST Settlement Corporation, Successor to Household Finance Company/Beneficial National Bank ("eCAST"). The grounds for the objection are that the proof of claim does not contain evidence that it was signed by an agent authorized to sign for eCAST and that no supporting documents are attached to support the claim.

The proof of claim shows on its face that it is signed by an attorney at law. The authority of an attorney to sign such a paper on behalf of a client is universally recognized, and the Court finds no reason to doubt that the signer actually is an attorney who has authority to submit the proof of claim on behalf of the client. Although the attorney signing the proof of claim is not admitted to practice in this case or in this Court, there is no requirement that an attorney be admitted to this Court's bar in order to be authorized to sign and file a proof of claim on behalf of a client. And there is no requirement that evidence of an individual's authority to act on behalf of a claimant be attached to a proof of claim. FED. R. BANKR.P. 9010(c); *see In re Roberts,* 20 B.R. 914, 917 n. 2 (Bankr.E.D.N.Y.1982); *cf. Trebol Motors Distributor Corp. v. Bonilla (In re Trebol Motors Distributor Corp.),* 220 B.R. 500, 502 (1st Cir. BAP 1998); *In re White,* 168 B.R. 825, 834 (Bankr.D.Conn.1994), *appeal dismissed,* 183 B.R. 356 (D.Conn.1995). The criminal penalties for submitting a fraudulent proof of claim, 18 U.S.C. §§ 152, 3571, provide a sufficient guard against the signing of a proof of claim by an unauthorized person, and the Debtor has shown nothing to cast any suspicion on the authorization of the person who signed eCast's proof of claim to do so. The proof of claim is not defective or subject to disallowance merely because the authority of the individual signing it is not documented with another piece of paper.

The lack of supporting documents for the proof of claim, likewise, is not a sufficient ground for disallowance of the claim or for requiring its amendment in the absence of a showing of a good faith dispute with regard to the claim, even if the creditor does not respond to an objec-

tion. *In re Shank,* 315 B.R. 799 (Bankr. N.D.Ga.2004). At the hearing, however, the Debtor produced correspondence (copy attached) from the law firm representing eCAST stating that it did not contest disallowance of the claim. Because eCAST's affirmative response to the Debtor's objection is that it does not oppose disallowance, the Court will disallow the claim.

It is, therefore, hereby ORDERED and ADJUDGED that Proof of Claim No. 1 filed by eCAST Settlement Corporation is hereby disallowed.

IT IS SO ORDERED this 8th day of February, 2005.