**In re Junious and Willie GUIDRY, Debtors.**

**No. 02 B 50318.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Feb. 28, 2005.

David T. Lin, Robert J. Semrad & Associates, Chicago, IL, for Debtors.

David L. Freidberg, Chicago, IL, for (eCAST).

## MEMORANDUM OF DECISION

EUGENE R. WEDOFF, Chief Judge.

The debtors in this Chapter 13 case have objected to two claims of eCAST Settlement Corporation ("eCAST") on the sole ground that eCAST did not attach documentation to its proofs of claim in compliance with Rule 3001(c) of the Federal Rules of Bankruptcy Procedure. Because, as discussed below, this is not a valid ground for disallowing a claim, eCAST's claims are allowed over the objections.

### Jurisdiction

District courts have exclusive jurisdiction over bankruptcy cases. 28 U.S.C. § 1334(a). Pursuant to 28 U.S.C. § 157(a) and its own Internal Operating Procedure 15(a), the District Court for the Northern District of Illinois has referred its bankruptcy cases to the bankruptcy court of this district. When presiding over a referred case, the bankruptcy court has jurisdiction under 28 U.S.C. § 157(b)(1) to enter appropriate orders and judgments in core proceedings within the case. The pending motion is a core proceeding under 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of claims against the estate).

### Background

The relevant facts are not in dispute. Junious and Willie Guidry, the debtors in this case, filed their petition for relief under Chapter 13 of the Bankruptcy Code (Title 11, U.S.C.) on December 20, 2002. As part of the schedule of unsecured claims that accompanied their petition, the debtors included undisputed credit card obligations owed to Household Finance Company in the amount of $8,859 and to Sears in the amount of $5,248.

On February 23, 2003, eCAST filed two proofs of claim. The first, filed as successor to Household Finance, asserted an unsecured claim of $8,971.52—about $100 more than the amount the debtors scheduled as undisputed. The second, filed by eCAST as successor to Sears, asserted an unsecured claim of $5,248.16—16 cents more than the amount that the debtors stated they did not dispute. With each

proof of claim, eCAST included an account summary, but it did not attach a writing that formed the basis of the claim or a statement that such writings had been lost or destroyed.

On August 24, 2004, the debtors filed objections to each of the eCAST claims, raising only the ground that the summary attached to the proofs of claim did not comply with the requirements of Rule 3001(c) of the Federal Rules of Bankruptcy Procedure. Although the objections were initially withdrawn, they were later reasserted and fully briefed.

### Discussion

■ The resolution of the debtors' claim objections is dictated by the plain language of the relevant provisions of the Bankruptcy Code and Rules. Section 501(a) of the Code provides that a creditor having a claim may file a proof of claim in a debtor's case. A proof of claim, according to Rule 3001(a) of the Federal Rules of Bankruptcy Procedure, is simply "a written statement setting forth a creditor's claim," conforming substantially to the appropriate Official Form, currently Form 10. Under § 502(a) of the Code, a proof of claim filed pursuant to § 501 is deemed allowed unless a party in interest objects. And under § 502(b), if a party objects, the court, after notice and a hearing, must allow the claim except to the extent that it is subject to one or more of nine grounds for disallowance enumerated in § 502(b). (Additional grounds for disallowance, set out in § 502(d) and (e), do not apply to claims of the sort involved here.) None of the grounds for disallowance set out in § 502(b) involves failure to attach documents to a proof of claim.

■ The basis for the debtors' claim objections is instead Fed. R. Bankr.P. Rule 3001(c). It provides: "When a claim ... is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim." Rule 3001(c), however, does not say that a failure to comply with its terms should result in disallowance of the claim for which the noncompliant proof was filed. Nor could it. The legislation allowing the Supreme Court to prescribe bankruptcy rules states that the rules shall not "abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. Thus, a bankruptcy rule cannot create a ground for disallowance of claims not set out in the Code.

■ Courts have accordingly held that a claim cannot be disallowed solely on the basis that its proof was not accompanied by a Rule 3001(c) attachment. *See In re Cluff*, 313 B.R. 323, 331 (Bankr.D.Utah 2004) ("Bankruptcy Rule 3001 does not provide substantive grounds for disallowance.... Courts have no discretion to disallow claims for reasons beyond those stated in the statute."); *In re Shank*, 315 B.R. 799, 812 (Bankr.N.D.Ga.2004) ("[A]n objection to a proof of claim based solely on the lack of attached documents provides no basis for disallowance of a claim."); *In re Mazzoni*, 318 B.R. 576, 578–79 (Bankr. D.Kan.2004); *cf. In re Taylor*, 289 B.R. 379, 384 (Bankr.N.D.Ind.2003) (holding in a different context that "a claim may not be denied for just any reason, but only for one of the reasons Congress has included in § 502(b)").

In resisting the conclusion that their objections are invalid, the debtors discuss only two decisions at any length. The first, *In re Blue*, 2004 WL 1745786 (N.D.Ill. July 30, 2004), contrary to the authorities cited above, did order disallowance of a claim based solely on a failure to comply with the attachment requirement of Rule 3001(c). In ruling this way, the

court relied on other parts of Rule 3001 that establish the evidentiary impact of a proof of claim:

> Pursuant to Rule 3001(f) only a claim that was "executed and filed in accordance with [the] rules shall constitute prima facie evidence of the validity and amount of the claim." Thus Appellee's proof of claim, which did not comply with Rule 3001(c), could not be deemed prima facie valid. Appellee did not appear in court to offer any oral argument to support its position. Therefore, the bankruptcy judge did not have a valid basis upon which to deny the motion for disallowance of the claim....

*Id.* at *2.

The difficulty with this reasoning is that evidence of any kind—prima facie or otherwise—is a concern only at a hearing to resolve factual disputes. *See* Fed.R.Evid. 401 (defining "relevant evidence" as that tending to make more or less probable "the existence of any fact that is of consequence to the determination of the action"). The debtors' claim objections raised no factual dispute requiring a hearing. If eCAST's proofs of claim are analogized to complaints—as is commonly done [1]—then the debtors' objections are like motions to dismiss for failure to state a claim on which relief can be granted. The debtors do not deny any of the factual allegations of the proofs of claim; rather, their objections assert that an evidentiary hearing is unnecessary because of eCAST's noncompliance with Rule 3001(c). Thus, the question is not the evidentiary impact of noncompliance with the rule, but whether noncompliance itself renders a

claim subject to disallowance. As already noted, it does not.

▮▮▮▮ Of course, if the debtors had raised a valid ground for disallowance in their claim objections—such as a denial that they actually owed the debts asserted—an evidentiary hearing would have been required.[2] In that situation, eCAST's noncompliance with Rule 3001(c) would have resulted in eCAST having the burden of going forward with evidence at the trial; it could not have relied on its proofs of claim as prima facie evidence that the debtors were liable for the claims asserted. *See In re Cluff, supra,* 313 B.R. at 337 ("If a claim's prima facie validity is lost, then the creditor has the initial burden of proving that the claim exists and the amount of that claim.") Indeed, if there were facts in dispute as to which the writings required by Rule 3001(c) would have been relevant, the debtors might properly have enforced the Rule's requirement through discovery. All of this, however, is merely speculative here, since the debtor's claim objections set forth no basis for disallowance of the claims that required any evidentiary hearing.

The second case that the debtors discuss at some length is *In re Stoecker,* 5 F.3d 1022 (7th Cir.1993). In *Stoecker,* the court addressed a situation in which a bankruptcy court granted the relief sought by debtors here—disallowing a claim simply for noncompliance with the attachment requirements of Rule 3001(c). Far from supporting the debtors' position, however, the Seventh Circuit reversed the bankruptcy court on this point, employing much of the analysis set out above:

---

**1.** *See Smith v. Dowden,* 47 F.3d 940, 943 (8th Cir.1995) ("Courts have traditionally analogized a creditor's claim to a civil complaint....").

**2.** As the court noted in *Cluff,* a Chapter 7 or 11 trustee, lacking any indication that an undocumented claim is valid, might well object that the claim is not owing. *See Cluff,* 313 B.R. at 343.

[W]e can dispose quickly of the trustee's contention that the bankruptcy judge was right to disallow the proof of claim, without leave to amend, because compliance with Rule 3001 is "mandatory." 143 B.R. at 130. All that the rule says, so far as bears on this case, is that the filing of a proof of claim with the required documentation is prima facie evidence that the claim is valid. Fed. R.Bankr.P. 3001(c), (d), (f). If the documentation is missing, the creditor cannot rest on the proof of claim. It does not follow that he is forever barred from establishing the claim. Nothing in the principles or practicalities of bankruptcy or in the language of any rule or statute justifies so disproportionate a sanction for a harmless error.

*Id.* at 1027–28. The court went on to suggest that on remand the bankruptcy court should allow the creditor to amend its proof of claim to attach the required writing. However, the claim objection in *Stoecker* set forth a distinct ground for disallowance under § 502(b) requiring an evidentiary hearing, and so compliance with the attachment requirement was potentially meaningful in that case. Here it is not. With the debtors setting forth no grounds in their objections that would require eCAST's claims to be disallowed—indeed, with the debtors largely admitting in their schedules that the claims are valid—any amendment of the proofs of claim would be a meaningless and wasteful exercise. Because no ground has been asserted requiring disallowance, eCAST's claims are allowed over the debtors' objections, without further hearing.[3]

### Conclusion

For the reasons stated above, the debtors' claim objections are overruled. The claims are allowed in full. A separate order will be entered to this effect.

---

3. Like any order allowing a claim, this determination may be reconsidered for cause pursuant to § 502(j) of the Code.