In re Charles BURKETT, III, Debtor.

No. 04–34826.

United States Bankruptcy Court,
S.D. Ohio,
Western Division at Dayton.

Sept. 15, 2005.

824

Thomas D. Berry, Kettering, OH, for Debtor.

Thomas R Noland, Statman, Harris, Siegel & Eyrich, Dayton, OH, trustee.

## DECISION OVERRULING TRUSTEE'S OBJECTION TO CLAIMS

LAWRENCE S. WALTER, Bankruptcy Judge.

### DISPOSITION

The Chapter 7 Trustee filed an objection to claims of credit card claimholders requesting disallowance of the claims primarily because of the failure to attach sufficient supporting documentation. For the reasons set forth in this decision, the court concludes that the Trustee's objection is without merit. An objection to a claim based solely on lack of documentation or deviation from the Official Form does not provide a substantive basis for disallowing the claim, especially if a debtor acknowledges the claim as a legitimate debt in his or her schedules.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 19, 2005, Chapter 7 Trustee Thomas R. Noland ("Trustee") filed an objection to several claims in the bankruptcy case of Charles Burkett ("Debtor"). [Doc. 28.] The Trustee primarily objects because of an alleged lack of proper documentation attached to the creditors' proofs of claim.[1] Three credit card claimholders,

---

**1.** The Trustee also objects to the claimants' failure to check the box in paragraph 4 of

Official Form 10 and minor modifications to the Official Form. The full text of the Trustee's

Chase Manhattan fka Bank One Delaware fka First USA ("Chase Manhattan"), American Express Travel Related Services Co., Inc. ("American Express Travel") and American Express Centurion Bank ("American Express Centurion") filed responses to the Trustee's objection. [Docs. 29, 31 and 33.] One creditor, Chase Manhattan, also filed an amendment to its claim. [Proof of Claim # 17.]

In their responses to the Trustee's objection, creditors Chase Manhattan, American Express Travel and American Express Centurion argue that the documentation requested by the Trustee, including the Debtor's full credit card account number, credit card application, itemized statement of interest, fees and other charges and monthly account statements for at least the ninety days prior to the bankruptcy filing are not required by the Bankruptcy Code or related rules. Consequently, they argue that the omission of these documents and information

from a proof of claim does not form a basis for disallowance of the claim. On March 17, 2005, the court held a hearing to consider the Trustee's objection as well as similar objections filed by the Trustee in other bankruptcy cases. The parties filed supplemental briefs following the hearing [Docs. 38, 43 and 45] and the court is now prepared to render its decision.

## LEGAL ANALYSIS

The Trustee's objection has touched on a hotly debated topic in the bankruptcy courts: 1) what information and attached documents are required to be submitted with proofs of claim; and 2) if the required information and documents are not attached, can that deficiency be the basis for disallowance of the claim?

### A. Proof of Claim Requirements and Objections to Claims

■ The court begins its analysis with fundamental principles of claims and the

---

objection to these creditors' claims is as follows:

Trustee's objection to the proof of claim filed by Chase Manhattan (# 4):
"Disallow—Fails to provide account number to the Trustee. Failed to provide a signed copy of the credit card application of debtor(s), fails to provide monthly account statements covering the bankruptcy filing date and three months prior, summary is insufficient, only shows a balance and last amount paid and date . . . ." (duplicative language in objection omitted).
*Chase Manhattan filed an amended claim, Proof of Claim # 17, attaching additional documentary evidence. The amended Proof of Claim reduces the claim amount from $2470.99 to $2359.62.
Trustee's objection to the proof of claim filed by American Express Travel (# 7):
"Fails to provide Trustee the entire account number. Fails to check paragraph four despite indicating credit card debt which involves interest and additional charges, fails to provide required itemization of all interest and other charges. Fails to provide copy of

signed credit card application by debtor(s). Fails to provide monthly account statements covering the bankruptcy filing date and three months prior, one partial statement for January 04 provided."
Trustee's objection to the proof of claim filed by American Express Centurion (# 9):
"Disallow—Fails to provide to the Trustee the entire account number. Fails to check box in paragraph 4, despite stating it is credit card debt that includes interest and other charges. Fails to attach required itemized statement of all interest or additional charges. Altered Official Form 10, fails to provide signed copy of credit card application of debtor(s), attempts to alter burden of filer to attach documents to support claim, representation that documents are burdensome not supported, attempts to alter burden to comply with requirements of paragraph 4. Statement that claim may include interest of contractual late charges is specious since this is a credit card account of over $12,000.00. Fails to provide account statements issued to debtor(s) for the period including the bankruptcy filing date and three months prior, statement provided gives no information re account pre-petition."

claims allowance process established in the Bankruptcy Code and applicable rules. A "claim" is defined as nothing more than a "right to payment ...." 11 U.S.C. § 101(5)(A). A creditor possessing a claim has the right to file a proof of claim within a debtor's bankruptcy case. 11 U.S.C. § 501(a). A proof of claim is not defined in the Code itself, but is described in the applicable rules as a "written statement setting forth a creditor's claim." Fed. R. Bankr.P. 3001.

A proof of claim, once filed, is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). A Chapter 7 trustee is a party in interest whose duties include reviewing proofs of claim filed in a case and lodging an objection if a claim is "improper" and if the objection would serve a purpose. 11 U.S.C. § 704(5).

If a trustee or other party objects, the court is to determine the amount of the claim as of the date of the bankruptcy petition filing and is to allow the claim except to the extent that one of the enumerated exceptions applies. 11 U.S.C. § 502. The enumerated exceptions stated in § 502 provide various bases for objecting to either the validity or the amount of the claim. See 11 U.S.C. § 502(b)(1)-(9), (d) and (e). These statutory exceptions set forth the sole bases for a party to object to a claim. *Dove–Nation v. eCast Settlement Corp. (In re Dove–Nation)*, 318 B.R. 147, 150 (8th Cir. BAP 2004).

Significantly, neither 11 U.S.C. § 502 nor any other section of the Bankruptcy Code authorizes the court to disallow a claim based on a lack of supporting documentation. Nor, for that matter, does the Bankruptcy Code describe what documentation, if any, must be attached to a proof of claim.

Instead, these matters are provided for in the Federal Rules of Bankruptcy Procedure ("Rules") and related Official Bankruptcy Forms ("Official Forms") that govern procedure within bankruptcy cases. Fed. R. Bankr.P. 1001. The purpose of the Rules and Official Forms is to "secure the just, speedy, and inexpensive determination of every case and proceeding." *Id.*

Rule 3001 and Official Form 10 govern the form, content and required attachments for proofs of claim. *See* Fed. R. Bankr.P. 3001(a). Rule 3001(c) requires that a creditor with a claim based on a "writing," attach the original or duplicate of that writing to the proof of claim unless it has been lost or destroyed, in which case a statement of the circumstances of the loss must be filed with the claim. Fed. R. Bankr.P. 3001(c).

Official Form 10, complementing Rule 3001, further instructs the claimant to "attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of liens." Official Form 10. The creditor is to explain any failure to attach documents based on a lack of availability. *Id.* In addition, if the required documents are too voluminous, the creditor may attach a summary. *Id.* Official Form 10 further requires the claimant to specify whether the claim includes "any interest or other charges in addition to the principal amount of the claim," and if so, to attach an "itemized statement of all interest or additional charges." *Id.*

The creditor's reward for complying with the requirements of Rule 3001 and Official Form 10 is that its proof of claim "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr.P. 3001(f). In other words, the party objecting to such a claim has the

initial burden of going forward with evidence to refute the claim even though the creditor retains the ultimate burden of persuasion with regard to the validity of the claim. *See Wright v. Holm (In re Holm),* 931 F.2d 620, 623 (9th Cir.1991); *In re Armstrong,* 320 B.R. 97, 104 (Bankr. N.D.Tex.2005). *See also In re Sandifer,* 318 B.R. 609, 611 (Bankr.M.D.Fla.2004) (holding that a creditor who establishes the prima facie validity of the claim may refrain from presenting additional documentation). When, however, a proof of claim fails to comply with Rule 3001 and Official Form 10, the claimant cannot, in response to an objection, rest on its proof of claim and must instead come forward with sufficient evidence of the claim's validity and amount. *In re Stoecker,* 5 F.3d 1022, 1028 (7th Cir.1993); *Armstrong,* 320 B.R. at 104.

▮▮▮ The purpose behind Rule 3001 and Official Form 10's documentary requirements and the shifting burden of going forward is two-fold. First, the attachments required by the rule and form are intended to enable the debtor or trustee to evaluate the claim's amount and validity and to challenge, when necessary, portions of the claim that may be inaccurate. *Sandifer,* 318 B.R. at 611. Second, and as significant, the rules governing claims are intended to simplify the claims allowance process and provide a fair and inexpensive process for all parties including creditors. *In re Shank,* 315 B.R. 799, 814 (Bankr. N.D.Ga.2004).

Unfortunately, ambiguities in the rule and form leave some important questions unanswered, and it is in addressing those questions that courts have diverged. For example, is a credit card debt based on a "writing" and if so what is the writing on which it is based—the credit card application signed by the debtor or documentation of each of the debtor's transactions?

Furthermore, when does documentation become so voluminous that the creditor need only attach a summary to the proof of claim? If a summary is attached, what must be included in the summary?

Indeed, the increasing number of decisions regarding these issues attests to the fact that the process is by no means simple and is subject to abuse or misapplication by creditors, debtors and even trustees. Many credit card claimants, or their assignees, have whittled down the documentary evidence attached to their proofs of claim to the very bare minimum, often providing no more than a one page "summary" containing the debtor's name, a minor amount of account information, and a monetary value purporting to be the balance owed on the date of the bankruptcy filing. *See In re Crowe,* 321 B.R. 729, 731 (Bankr.W.D.Wash.2005) (noting the recent surge of creditors fighting "with even more zeal to avoid having to file even minimal support for their claims"); *Shank,* 315 B.R. at 810 (describing a summary attached to a credit card proof of claim as containing no more information than the conclusory allegations set forth on Official Form 10 itself). On the other hand, debtors and trustees have filed objections to claims based solely on a lack of certain attachments, even when the debt to the creditor is acknowledged by the debtor in his or her schedules. *Crowe,* 321 B.R. at 731 (describing how debtors use objections as a sword to "disallow perfectly legitimate unsecured claims when there is no reasonable justification for disputing the claims"); *Shank,* 315 B.R. at 813–14.

In this case, the Trustee objects to the claims for the creditors' lack of compliance with Official Form 10 and their failure to attach documentation beyond a short summary providing a purported balance at the date of the bankruptcy filing. The Trustee argues that the creditors have even

redacted full account numbers making the claims more difficult to verify. The Trustee further explains what items he feels should be attached in order to aid in the Trustee's analysis of claims: the full credit card account number, the credit agreement, an itemization of fees, interest and charges in addition to the principal amount of the claim, proof of ownership of the claim if the claimant is an assignee and at least three months of account statements or other proof of account activity for the ninety days prior to bankruptcy.

■■■■ The court recognizes that the Trustee has found cases supporting many of the detailed documentation requirements he cites in his objections. However, courts disagree about specific document requirements and, more significantly, the impact of a creditor failing to meet them.[2] In making its own determination, the court is guided by two principles. First, the exclusive bases for disallowing a proof of claim are not contained in either Fed. R. Bankr.P. 3001 or Official Form 10, but in 11 U.S.C. § 502. None of the bases for disallowing claims provided in § 502 includes a lack of documentary evidence nor can Rule 3001 and Official Form 10 expand on these statutory bases for disallowance. 28 U.S.C. § 2075 (stating that the bankruptcy rules proscribed by the Supreme Court shall not "abridge, enlarge, or modify any substantive right."); *In re Guidry*, 321 B.R. 712, 714 (Bankr.N.D.Ill.2005) (holding that "a bankruptcy rule cannot create a ground for disallowance of claims not set out in the Code"); *Shank*, 315 B.R. at 812.

■■■■ Second, full conformance with Official Form 10 has never been required for allowance of a claim. Rule 3001(a) provides that a proof of claim need only "conform substantially" to the appropriate form. Fed. R. Bankr.P. 3001; *In re Shaffner*, 320 B.R. 870, 874 (Bankr.W.D.Mich. 2005). These principles support the conclusion that a creditor's mere failure to fully comply with Rule 3001 and Official Form 10's documentary requirements does not form the basis for objecting to, or disallowing, a claim. *See Guidry*, 321 B.R. at 715; *In re Mazzoni*, 318 B.R. 576, 578–79 (Bankr.D.Kan.2004); *Shank*, 315 B.R. at 812; *In re Cluff*, 313 B.R. 323, 337 n. 47 (Bankr.D.Utah 2004).

■■■■ Instead, this court agrees with the growing number of courts concluding

---

**2.** A majority of courts hold that a failure to attach documents purportedly required by Fed. R. Bankr.P. 3001 and Official Form 10 is not, by itself, a basis for disallowance of a claim. *Wright v. Holm (In re Holm)*, 931 F.2d 620 (9th Cir.1991) (noting that the filing of a proof of claim is some evidence as to its validity and amount and is strong enough to overcome a mere formal objection); *Dove–Nation v. eCast Settlement Corp. (In re Dove–Nation)*, 318 B.R. 147 (8th Cir. BAP 2004); *In re Relford*, 323 B.R. 669 (Bankr.S.D.Ind.2005) (as amended following reconsideration); *Isom v. eCast Settlement Corp. (In re Isom)*, 321 B.R. 756 (Bankr.N.D.Ga.2005); *In re Guidry*, 321 B.R. 712 (Bankr.N.D.Ill.2005); *In re Shaffner*, 320 B.R. 870 (Bankr. W.D.Mich.2005); *In re Armstrong*, 320 B.R. 97 (Bankr.N.D.Tex.2005); *In re Mazzoni*, 318 B.R. 576 (Bankr.D.Kan.2004); *In re Kemmer*, 315 B.R. 706 (Bankr.E.D.Tenn.2004); *In re Shank*, 315 B.R. 799 (Bankr.N.D.Ga.2004); *In re Jorczak*, 314 B.R. 474 (Bankr.D.Conn. 2004); *In re Cluff*, 313 B.R. 323 (Bankr. D.Utah 2004).

Other courts reach the contrary conclusion that a failure to attach documents required by Rule 3001 or Official Form 10 can, by itself, form a basis for disallowance. *In re Vann*, 321 B.R. 734 (Bankr.W.D.Wash.2005); *In re Blue*, 2004 WL 1745786 (N.D.Ill. July 30, 2004) (unreported); *In re Henry*, 311 B.R. 813 (Bankr.W.D.Wash.2004). The *Henry* case, in particular, describes exactly what type of documents the court determines must be attached to a proof of claim based on credit card debt. 311 B.R. at 818. The court notes that in the absence of this minimum evidentiary presentation, "the creditor's claim should be disallowed." *Id.*

that, for allowance purposes, the proof of claim need only be sufficient to establish the validity, ownership and amount of that claim. *See Mazzoni,* 318 B.R. at 579; *Shank,* 315 B.R. at 812; *In re Hughes,* 313 B.R. 205, 212 (Bankr.E.D.Mich.2004). If there is no underlying factual dispute as to the validity, ownership or amount of a claim, a debtor or trustee has no basis for filing an objection for lack of documentation unless the debtor or trustee alleges a basis that would require reduction or disallowance under § 502.[3] *Guidry,* 321 B.R. at 715–16; *Shaffner,* 320 B.R. at 876; *Shank,* 315 B.R. at 812 (noting that if there is no legitimate dispute about a claim's validity or amount, there is no reason to penalize a claim holder for failure to meet all the technical requirements of the bankruptcy rules intended to govern the fair determination of disputes).

▆▆▆▆ Unfortunately, the actual documentary evidence needed to establish and verify the claim cannot be reduced to a bright-line test and must be decided on a case-by-case basis. *Sandifer,* 318 B.R. at 611. Nevertheless, there are evidentiary guidelines that aid the court in making its determination. In many instances, a claim verified by a debtor's schedules may require no documentation whatsoever. If a proof of claim correlates to a debt listed by the debtor in his or her schedules, this may be sufficient, by itself, to establish the prima facie validity of the proof of claim. *In re Relford,* 323 B.R. 669, 676 (Bankr. S.D.Ind.2005) (as amended following reconsideration); *Jorczak,* 314 B.R. at 481–82 (noting that the scheduling of a debt is a judicial admission by the debtor); *Cluff,* 313 B.R. at 340. Of course, a debtor's scheduling of a debt does not constitute an admission by a trustee, but as a sworn statement and admission against interest, it is nevertheless strongly probative of the claim's validity.[4]

▆▆▆▆ On the other hand, if a proof of claim lacking proper attachments does not correlate to a debt scheduled by the debtor, or aspects of the claim differ from the scheduled debt, this may give rise to a valid objection by the debtor or trustee for lack of verification of ownership and/or the amount of the claim.[5] Because the credi-

---

**3.** In addition to documentation to verify the amount of the claim, the Trustee in this case requests other documents to be attached to proofs of claim including account statements dating back at least ninety days from the date of the bankruptcy filing. The apparent purpose for requiring account statements dating back ninety days is to assess whether all or part of the claim would be subject to turnover to the estate via a preference recovery or other adversary proceeding and disallowance under 11 U.S.C. § 502(d). However, the Rules do not contemplate trustees using the documentary requirements for proofs of claim as a method of discovery for adversary proceedings. Instead, the Rules have structured a simplified claims allowance system "without all the trappings of normal civil litigation" in order to make the process efficient. *Shank,* 315 B.R. at 814. The court concludes that neither the Bankruptcy Code nor the Rules specifically require ninety days of account statements to be attached to proofs of claim. The Trustee must use other available methods to conduct discovery for adversary proceedings.

**4.** The court recognizes circumstances where the debtor's scheduling of a debt will have much less probative value such as when the debtor schedules an insider's claim or the possibility of collusion exists. The probative value of the debtor's schedules has not been questioned in this case.

**5.** Of course, if the only basis for a debtor or trustee's objection to a proof of claim is that the monetary amount of the claim does not match the amount scheduled by the debtor, the proper objection is that the claimant has not established its claim to the extent it is in excess of the amount that the debtor admits is owed and not a request for complete disallowance merely because of inadequate documentation. *Shank,* 315 B.R. at 815.

tor did not attach documentation meeting the requirements of Rule 3001 and Official Form 10, the creditor's claim would not be entitled to the Rule 3001(f) presumption of validity. *Guidry,* 321 B.R. at 715; *Shank,* 315 B.R. at 815. Consequently, a failure to respond to the objection could lead to disallowance of the claim and, even if the creditor does respond, the creditor will carry the burden of going forward as well as the ultimate burden of proof to establish its claim at the hearing on the substantive objection. *Guidry,* 321 B.R. at 715; *Shank,* 315 B.R. at 815–16.

 If a creditor whose claim cannot be fully substantiated against a debtor's schedules wishes to dispense with this risk of an objection and a hearing requiring the creditor to proceed with the burden of going forward, the creditor need only attach the required documents described in Rule 3001 and Official Form 10 that establish the claim's prima facie validity. Other courts analyzing credit card claims have concluded that claimholders will establish the prima facie validity of their proofs of claim when their attachments verify the following: 1) the amount

of the debt as of the date of the bankruptcy filing; and 2) if the claim includes charges such as interest late fees and attorney fees, a breakdown of the calculation of these elements. *Crowe,* 321 B.R. at 732; *In re Kemmer,* 315 B.R. 706, 715 (Bankr. E.D.Tenn.2004); *Cluff,* 313 B.R. at 335. In some instances, documentation of proof of ownership of the claim may also be necessary.[6] The documents required to substantiate this information may be copies of the original documents, like account statements, or if the originals are too voluminous, a summary of the information may be adequate if provided in a reliable format such as a business record. *Kemmer,* 315 B.R. at 715; *Cluff,* 313 B.R. at 335. This corroborating evidence should provide the trustee, debtor and other interested parties with sufficient information to ascertain the basis and accuracy of the creditor's claim. As such, attaching documentary evidence or a reliable summary is the best way for a creditor to avoid objections to its claim, and possible disallowance of the claim, regardless of whether the claim is substantiated by the debtor's schedules.[7]

---

**6.** This requirement is most often relevant when a claim has been transferred or assigned and the assignee has attached no proof of actual ownership of the claim nor is the assignee's ownership of the claim substantiated by a debtor's schedules. *See In re Parrish,* 326 B.R. 708 (Bankr.N.D.Ohio 2005) (describing the problems involved with a transferred claim when the new owner of the claim has no documentary proof of the actual transfer or any original and reliable documents verifying the balance due on the claim); *Hughes,* 313 B.R. at 212 (noting that an assignee must prove its contractual basis for a right to payment when its right to payment is questioned).

**7.** The Trustee may continue to feel that such minimal requirements for proofs of claim will allow creditors or claims buyers to engage in a routine practice of filing unlawful claims or claims that improperly charge post-petition

interest, post-petition fees or other unauthorized charges. However, as noted previously, an objection to a claim may well be justified when the amount of the claim is not substantiated by a debtor's schedules. Furthermore, the criminal penalty for presenting a fraudulent claim is a fine of up to $500,000 and/or imprisonment for up to five years. *See* 18 U.S.C. §§ 152, 3571; Official Form 10. These serious criminal sanctions, as well as sanctions available under the Bankruptcy Code and Rules, are the proper remedies to be applied to creditors who file unlawful claims. *Isom v. eCast Settlement Corp. (In re Isom),* 321 B.R. 756, 757 (Bankr.N.D.Ga. 2005); *Shank,* 315 B.R. at 815. Creditors, or their assignees, who file overstated claims in the expectation that they will not be scrutinized or verified against the debtor's schedules, "do so at their own peril." *Shank,* 315 B.R. at 815–16.

■ The court feels it is necessary to separately address one final piece of information that many courts require to be disclosed on a credit card proof of claim: the account number used by the creditor to identify the account of the debtor. *See, e.g., Crowe,* 321 B.R. at 732; *Kemmer,* 315 B.R. at 715; *Cluff,* 313 B.R. at 335. Indeed, the Trustee in this case has cited the omission of full account numbers as the basis for many of his objections. However, the court disagrees with courts requiring this information to be revealed on a proof of claim and refuses to oblige the Trustee's demand. Providing a full credit card account number on a public document like a proof of claim violates recent laws enacted to protect individuals' privacy and prevent identity theft. In conjunction with the enactment of the E–Government Act of 2002, the United States Bankruptcy Court for the Southern District of Ohio established Administrative Procedures for Electronic Case Filing ("ECF Procedures") which require, among other things, that parties redact sensitive private information, including financial account numbers, from all documents and pleadings filed with the court. *See* ECF Procedure 13 (Privacy). Creditors may provide only the last four digits of account numbers on their proofs of claim. ECF Procedure 13(d). In addition, Official Form 10 has been revised to require disclosure of only the last four digits of an account number. *See* Revised Official Form 10 changed as part of the "Interim Rules and Official Forms Implementing the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005." [8] The court concludes that credit card claimholders should not disclose a debtor's full account number on a proof of claim nor is that information needed to establish prima facie evidence of the validity of the creditor's claim.

## B. Application of Law to Trustee's Objection to Claims Filed in This Case

■ Applying the law to this case, the court will begin by emphasizing once again that a trustee's objection to claims based on the omission of a complete account number is without merit. The court will not require a full credit card account number on a public document filed with this court. Such a requirement not only compromises a debtor's privacy, but also conflicts with current laws protecting sensitive financial information as well as the court's own Administrative Procedures for Electronic Case Filing and revisions to Official Form 10.

The Trustee's remaining bases for objecting to the three claims at issue in this case are not substantive in nature and do not question the validity, ownership or amount of the claims. Instead, the objection primarily focuses on the lack of appropriate documentation attached to the proofs of claim as purportedly required by Rule 3001 and/or Official Form 10 and the failure to precisely comply with the Official Form. [*See* Doc. 28.] As noted previously, lack of documentation, alone, is not a statutory basis for disallowance of a claim nor can Rule 3001 and Official Form 10 expand on the statutory bases for disallowance. *Guidry,* 321 B.R. at 714 (Bankr.N.D.Ill. 2005); *Shank,* 315 B.R. at 812. Furthermore, all three claims may be verified against the Debtor's schedules in which the Debtor acknowledged the validity of his debts to these claimants. [*See* Doc. 1, Schedule F.]

---

**8.** The Interim Rules and Official Forms Implementing the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 are located on the court's website at *www.ohsb.uscourts.gov.*

The court holds that the Trustee's objection based on a lack of documentation attached to proofs of claim does not provide the court with a basis for disallowing the claims. The court concludes that the Trustee's objection is without merit and is overruled.

For future guidance, the court recommends that trustees compare the proofs of claim filed in a case against the debtor's schedules. To the extent they do not match, and the proofs of claim are not substantiated by attachments, a trustee may have a basis for a substantive objection based on the dissimilarities. However, the substantive basis for the objection must be described clearly in the trustee's objection.

**WHEREFORE**, the court overrules the Trustee's objection to the proofs of claim filed by Chase Manhattan Bank, USA, NA [Proof of Claim # 4 as amended by Proof of Claim # 17], American Express Travel [Proof of Claim # 7] and American Express Centurion [Proof of Claim # 9].

**SO ORDERED.**