**In re Debra Ann BOZMAN and Cornelius Emmanuel Bozman, Sr., Debtors.**

No. 05–59775.

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

June 26, 2006.

Karen E. Hamilton, Esq., Columbus, OH, Debtors' Attorney.

Kenneth M. Richards, Luper Neidenthal & Logan, Columbus, OH, Case Attorney for Trustee.

Office of U.S. Trustee, Discover Bank/Discover Financial Services, Hilliard, OH, Citibank/Choice Exception Payment Processing, The Lakes, NV.

Amelia A. Bower, Plunkett & Cooney, Columbus, OH.

## ORDER OVERRULING OBJECTION TO CLAIMS

C. KATHRYN PRESTON, Bankruptcy Judge.

This cause came on for hearing April 18, 2006 upon the Objection to Claims by creditor Universal 1 Credit Union (Doc. 16), filed January 16, 2006, and the Trustee's Response thereto (Doc. 18), filed January 19, 2006. Present at the hearing were attorney Amelia A. Bower, representing the Universal 1 Credit Union (hereafter "Universal 1"), and attorney Kenneth M. Richards, representing the Chapter 7 Trustee. The Court took the matter under advisement, and after consideration of the issues raised, is now prepared to render its decision.

On June 6, 2005 Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On their Schedule F, Debtors listed AT & T Card—Universal Citi, holder of a $13,000 claim, and Discover Financial Services, holder of a $15,000 claim. Both claims are for credit card debt, and neither is designated as contingent, unliquidated, or disputed. Discover Bank filed a proof of claim October 11, 2005, amended February 1, 2006, showing its claim of $14,678.09. Citibank/CHOICE (hereafter "Citibank") filed a proof of claim December 5, 2005, for $12,105.44. Each creditor attached to its proof of claim a single page statement summary, showing basic account information such as debtors' names, account number, and account balance. Universal 1, an unsecured creditor, objects to both claims on the grounds that the proofs of claim lack sufficient documentation.

■ The Chapter 7 Trustee argued at hearing that Universal 1 lacked standing to object to the claims of other creditors. Section 502 of the Bankruptcy Code provides that "a claim or interest, proof of

which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a). The term "party in interest" is not specifically defined in the Code, but the advisory committee note to Rule 3007 provides some guidance. "While the debtor's *other creditors may make objections* to the allowance of a claim, the demands of orderly and expeditious administration have led to a recognition that the right to object is generally exercised by the trustee. Pursuant to § 502(a) of the Code, however, *any party in interest may object* to a claim." F.R. Bankr.P. 3007, advisory committee note (emphasis added). A party in interest includes those persons with pecuniary interest in the outcome of the controversy. *Morton v. Morton (In re Morton)*, 298 B.R. 301, 307 (6th Cir. BAP 2003). The disallowance of one unsecured creditor's claim necessarily leads to the increase in the amount available to the other unsecured creditors. An unsecured creditor, then, is a party in interest within the meaning of § 502(a). *Power Five, Inc. v. General Motors Corp. (In re Automotive Armature Co.)*, 219 B.R. 513, 516–17 (S.D.Ind.1998); *In re Wharry*, 91 B.R. 31, 34 (Bankr.N.D.Ohio 1988). Therefore, the Court finds that Universal 1 has standing to object to the claims of Debtors' other creditors.

 Universal 1 objects to Claim No. 2 of Discover Bank and Claim No. 3 of Citibank on the grounds that neither proof of claim provides sufficient supporting documentation. Section 502 provides that when an objection to claim has been made, the court shall determine the amount of the claim and allow the claim unless one of the enumerated exceptions applies. 11 U.S.C. 502(b)(1)-(9). These enumerated exceptions, along with subsections (d) and (e) to § 502, provide the *exclusive* bases upon which objections can be made. *In re*

*Burkett*, 329 B.R. 820, 826 (Bankr.S.D.Ohio 2005). "[N]either 11 U.S.C. § 502 nor any other section of the Bankruptcy Code authorizes the court to disallow a claim based on a lack of supporting documentation." *Id.* Though both Rule 3001(c) and Official Form 10 instruct creditors to attach certain supporting documents to their proofs of claim, failure to fully comply with this instruction does not alone form the basis for disallowing a claim.

The court in *Burkett* also stated that, "for allowance purposes, the proof of claim need only be sufficient to establish the validity, ownership and amount of that claim." *Id.* at 829. The single page summaries attached to Claims No. 2 and No. 3 each provide the name of the creditor, the name of the Debtor, the account number, and the amount of the balance owing. Additionally, the Debtors have included on their Schedule F amounts reasonably close to those provided in the proofs of claim, which tends to corroborate their validity. *See id.* ("In many instances, a claim verified by a debtor's schedules may require no documentation whatsoever.") Taken together, the summaries and the Debtor's schedules are sufficient to establish the validity of Claims No. 2 and No. 3.

"If there is no underlying factual dispute as to the validity, ownership or amount of a claim, [there is] no basis for filing an objection for lack of documentation unless [the objecting party] alleges a basis that would require reduction or disallowance under § 502." *Id.* Universal 1 has asserted only the technical defect regarding insufficient supporting documentation. No evidence has been presented as to any substantive defects in the proofs of claim. Therefore, Universal 1's objection provides no basis for this Court to disallow the claims. Accordingly, it is

ORDERED AND ADJUDGED that Universal 1 Credit Union's Objection to

Claims (Doc 16), filed January 16, 2006, is OVERRULED.

**IT IS SO ORDERED.**