**In re Victor W. MORENO, Debtor.**

**In re Juan R. Valdivia, Debtor.**

**Nos. 03–18692–BKC–RAM, 04–16171–BKC–RAM.**

United States Bankruptcy Court, S.D. Florida.

April 13, 2006.

Martin L. Sandler, Esq., Sandler & Sandler, Miami, FL, for eCAST.

James Schwitalla, Esq., Miami, FL, for Moreno.

Richard J. Adams, Esq., Hialeah, FL, for Valdivia.

### MEMORANDUM OPINION AND ORDER OVERRULING DEBTORS' OBJECTIONS TO PROOFS OF CLAIM

ROBERT A. MARK, Chief Judge.

The issue presented in the contested claims objections pending in these Chapter 13 cases is whether unsecured claims should be disallowed where the sole basis of objection is the claimant's alleged failure to attach to the claim documentation sufficient to comply with Rule 3001(c), Fed.R.Bankr.P. For the reasons that follow, the Court concludes that the answer is no. Insufficient documentation is not a basis to disallow a claim under § 502 of the Bankruptcy Code.

### Factual and Procedural Background

The facts in both of these cases are similar and straightforward. In the first case, Debtor Moreno ("Moreno") filed his chapter 13 petition on August 12, 2003. Through counsel, Moreno filed an Objection to Claims on November 19, 2004 (CP # 35). The Objection to Claims sought disallowance of five proofs of claim. The basis for each objection was the same:

[c]laimant has filed its claim ... but has failed to attach any documentation in support of its claim that establishes Debtor's liability on this account, that establishes the terms of the alleged written agreement between Claimant and Debtor, or that establishes how the alleged amount of the claim was deter-

mined. Debtor recommends claim be stricken and disallowed in its entirety. After receiving no response, two of the claims were disallowed by this Court's Order Sustaining Objection to Claims (CP # 41).[1] eCAST Settlement Corporation ("eCAST"), assignee of two of the claims, timely filed a written response to the objection to Claim Number 6 and 7 (CP # 38). Moreno Claim Number 6 and 7 and the amounts scheduled by the Debtor are as follows:

| Claim No. | Name of Creditor | Proof of Claim Amount | Amount Scheduled by Debtor |
|---|---|---|---|
| 6 | MBNA AMERICA BANK, N.A. (assigned to eCAST) | $15,073.66 | $16,000 |
| 7 | eCAST (as assignee of Associates National Bank) | 548.96 | Not scheduled |

Within Moreno's Schedule F, he listed a debt owing to "Bankcard Services" for $16,000 on account of "miscellaneous consumer purchases." The last four digits of the account listed for this scheduled amount corresponded to the last four digits of the account listed in Moreno Claim Number 6. Moreno's Schedule F did not list any debt that matched the amount stated or account number for Claim Number 7 and Associates National Bank, the assignor of the claim, is not listed as a creditor.

The documentation attached to Moreno Claim Number 6 and 7 was similar and limited. For Moreno Claim Number 7, eCAST submitted a one page "Account Summary" that merely listed personal and account information of Moreno and the balance of the account as of the petition date. Moreno Claim Number 6 was also labeled "Account Summary," however, it included additional information concerning Moreno's payments on the account, starting and ending balances, financing and late charges and cash advances.

In the second case, Debtor Valdivia ("Valdivia") filed an Objection to Claim (CP # 10) on November 15, 2004, seeking to strike thirteen proofs of claim. The sole basis for each objection was the statement "[n]o attachments." Debtor entered into an Agreed Order allowing three of the claims in a reduced amount (CP# 22), filed a withdrawal of its objection to three of the claims (CP# 26) and obtained an Order disallowing four of the claims to which no response was filed (CP# 20). The remaining three claims, number 9, 10 and 16, are all held by eCAST which filed a written response and memorandum (CP# 13) and appeared at a January 11, 2005 hearing in which the Court heard argument from the Debtor and eCAST. Valdivia Claim Number 9, 10 and 16 and the amounts scheduled by the Debtor are as follows:

| Claim No. | Name of Creditor | Proof of Claim Amount | Amount Scheduled by Debtor |
|---|---|---|---|
| 9 | MBNA AMERICA BANK, N.A. (assigned to eCAST) | $5,926.86 | 4,570.01 |
| 10 | eCAST (as assignee of Associates National Bank) | 403.30 | 325.97 |
| 16 | eCAST (as assignee of Chase Manhattan bank) | 6,121.97 | 6,121.97 |

As reflected in the summary above, Valdivia listed in his Schedule F a debt owing to "MBNA America", account number ending in "3117", for an amount of $4,570.01. The last four digits of the account number in Valdivia's schedules matched the last

---

1. These objections were sustained pursuant to Local Rule 3007–1 because the claimants did not respond. Pursuant to that rule, the objecting party is entitled to relief without a hearing if no written response contesting the objection is filed within 30 days after the date of service of the objection.

four digits of the account listed in Valdivia Claim Number 9. Valdivia also listed a debt owing to "Citi Cards" for $325.97, account number ending in "1953". This account number matched the last four digits of the account listed in Valdivia Claim Number 10. Finally, Valdivia listed a debt owing to "Chase" for $6,121.97, account number ending in "3692". This account number matched the last four digits of the account listed in Valdivia Claim Number 16.

The documentation submitted in connection with the proofs of claim in Debtor Valdivia's case was similar to the documentation filed in Debtor Moreno's case. Valdivia Claim Number 9 consisted of an "Account Summary" which provided Valdivia's personal information, information concerning the bankruptcy case, amounts owed, account number, Valdivia's payments on the account, starting and ending balances, financing and late charges and cash advances. As for Valdivia Claim Number 10 and 16, an "Account Summary" was again provided, however, it only listed Valdivia's personal information, information concerning the bankruptcy case, amounts owed and the account number.

### Discussion

Both Debtors maintain that the documentation provided by eCAST in support of its unsecured credit card claims is insufficient. Debtors' argument is relatively straightforward. Failure of a creditor to fulfill the requirements of Federal Rule of Bankruptcy Procedure 3001(c), mainly, to submit the original or duplicate writing on which its claim is based, results in a claim not being prima facie valid pursuant to Rule 3001(f). Because the proof of claim lacks this prima facie validity, the creditor's claim should be disallowed and stricken in its entirety. Although now clearly the minority view, some courts have agreed with this argument. *See, e.g., In re Henry,* 311 B.R. 813 (Bankr.W.D.Wash. 2004).

eCAST argues first that their filed proofs of claim have met the standards imposed under Rule 3001, and are thus, prima facie valid. Alternatively, eCAST argues that the Debtors, after scheduling claims that are nearly identical in amount to the claims that eCAST was assigned, are judicially estopped from objecting to its claims on the basis of insufficient documentation.

■ Succinctly stated, the issue is "what information and attached documents are required to be submitted with proofs of claim; and if the required information and documents are not attached, can that deficiency be the basis for disallowance of the claim?" *In re Burkett,* 329 B.R. 820, 825 (Bankr.S.D.Ohio 2005). As discussed below in part I of this opinion, this Court joins the majority position, holding that a failure to attach documents required by Rule 3001 and Official Form 10 is not, by itself, a basis for disallowance of an unsecured credit card claim. In part II, the Court explains why the type of documentation necessary to satisfy Rule 3001(c) will vary depending on the nature of the objection and whether the debt has been scheduled.

### I. Debtors' Objections Based Solely Upon Insufficient Documentation Must be Overruled Since They Do Not Satisfy Any of the Enumerated Exceptions Set Forth in 11 U.S.C. § 502(b)

Under the Bankruptcy Code, a "claim" is defined as a "right to payment." 11 U.S.C. § 101(5)(A). Pursuant to § 502(a), a creditor "may file a proof of claim." 11 U.S.C. § 502(a). A proof of claim is the "written statement setting forth a creditor's claim." Fed. R. Bankr.P. 3001.

Once filed, a proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). After an objection has been raised, a court shall allow the claim except to the extent that any of the eight statutory exceptions are met. 11 U.S.C. § 502(b).

■ Rule 3001 and Official Form 10 establish the criteria for what documentation, if any, must be attached to a proof of claim. Rule 3001(c), in relevant part, states that "[w]hen a claim is based on a writing, the original or a duplicate shall be filed with the proof of claim." Fed. R. Bankr.P. 3001(c). Official Form 10 requires the claimant to "attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of liens." Official Form 10. If the documents are too voluminous, the creditor may attach a summary. *Id.* A proof of claim that meets the above standard along with the others imposed in Rule 3001, "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr.P. 3001(f). A creditor that fails to comply with Rule 3001(c) does not receive the benefit of this prima facie validity, and instead, in response to an objection, must come forward with sufficient evidence of the claim's validity and amount. *Burkett*, 329 B.R. at 827 (citing *In re Stoecker*, 5 F.3d 1022, 1028 (7th Cir.1993)).

■ Nowhere within the Rules and Official forms, however, does it state that a claim should be disallowed in its entirety solely because a creditor has not attached the writing evidencing its claim. Quite to the contrary, the Rules cannot "abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. Instead, the Bankruptcy Code, in particular, § 502(b), sets out the exclusive exceptions for disallowance of a claim. These exceptions do not include disallowance based on a lack of documentation. Thus, this Court agrees with the vast majority of courts which have held that a creditor's mere failure to fully comply with the documentary requirements in Rule 3001(c) does not provide a basis for objecting to, or disallowing, a claim. *See, e.g., In re Dove–Nation*, 318 B.R. 147 (8th Cir.BAP2004); *Burkett*, 329 B.R. at 828; *In re Shank*, 315 B.R. 799, 812 (Bankr. N.D.Ga.2004); *In re Cluff*, 313 B.R. 323, 337 n. 47 (Bankr.D.Utah 2004).

The foregoing legal conclusion resolves each of the pending objections in these two cases since the sole basis for each objection was lack of documentation. Therefore, all of the objections will be overruled.

## II. Sufficient Documentation Under Rule 3001 is Not Subject to a Bright Line Test

No further analysis is necessary to overrule the pending objections. Nevertheless, some discussion of Rule 3001 is necessary to determine whether the objections should be overruled with or without prejudice and to provide guidance on what documentation eCAST will need to provide to establish prima facie validity of its claims if a further substantive objection is permitted and filed.

As discussed earlier, if a creditor files a claim which includes the supporting documentation required by Rule 3001 and Official Form 10, the proof of claim "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bank. P. 3001(f). Conversely, if a proof of claim lacks sufficient documentation to comply with Rule 3001 and Official Form 10, the claimant must, in response to a substantive objection, present sufficient evidence of the claim's validity and amount. *Burkett*, 329 B.R. at 827. This

sounds straightforward, but the devil is in the details: First, what documentation is necessary to comply with Rule 3001 to have the benefit of prima facie validity? Second, if the claim is not entitled to prima facie validity, what further documentation must be presented in response to a substantive objection?

As Judge Walter observed in *Burkett*, the documentary evidence needed to establish and verify a claim cannot be reduced to a bright-line test. Rather, it must be decided on a case-by-case basis. *Id.* at 829 (citing *In re Sandifer*, 318 B.R. 609 (Bankr.M.D.Fla.2004)). The Court can provide some general guidance with respect to credit card claims. Specifically, the Court agrees with those decisions finding that account summaries may be attached and it is generally unnecessary to attach the original credit agreement or evidence of each credit card transaction. *See In re Kemmer*, 315 B.R. 706 (Bankr. E.D.Tenn.2004); *Cluff*, 313 B.R. at 335. In addition, it is worth discussing a few common situations to offer future guidance to the bar and to determine whether any of the Debtors' objections here should be overruled with prejudice.

First, if a claim is scheduled by a debtor as undisputed and in an amount equal to or greater than the amount in the proof of claim, little, if any, documentation is necessary. *See Burkett*, 329 B.R. at 829 and cases cited therein; *see also In re Jorczak*, 314 B.R. 474, 481–82 (Bankr. D.Conn.2004)(even if attached documents would not create presumption of validity under Rule 3001(c) admissions in the debtor's filed schedules may establish a prima facie case). Moreover, this Court joins other courts which have criticized the tactic of filing an objection to an undisputed scheduled claim. *See Shank*, 315 B.R. at 814 (suggesting that a debtor may be violating both Rule 9011 and the good faith requirement for confirmation of a chapter 13 plan under 11 U.S.C. § 1325(a) by objecting to a scheduled claim); *Cluff*, 313 B.R. at 342 ("The Debtors' acknowledgment of the debts in the original schedules coupled with the Debtors' failure to come forward with some evidence which would challenge the proof of claim leads this Court to question their good faith intentions.").

This analysis applies to the pending objection to Moreno Claim Number 6 and Valdivia Claim Number 16. The Account Summary submitted by eCAST for both claims matches the account number listed by the Debtors and the amounts scheduled by the Debtors are either identical to the amounts listed in the proofs of claim or are actually greater than the amounts requested within the proofs of claim. The Debtors should not have filed these objections and they will be overruled with prejudice.

The Court's bar to raising objections to claims scheduled as undisputed should not be read as an invitation to schedule credit card debt as disputed in the hope of shifting the burden back to the creditor. As the court correctly observed in *Shank*, the term undisputed is not meant to solely relate to how the debt is scheduled, but rather to the lack of any objection to the merits of the claim. Thus, a debtor's scheduling of a claim as contingent, unliquidated or disputed, without thereafter affirmatively asserting in an objection that the debtor owes nothing or owes less than the amount claimed, does not change the result. *Shank*, 315 B.R. at 811; *Cluff*, 313 B.R. at 340 (filing amended schedules listing previously undisputed claims as disputed does not negate the prima facie validity of the claims since original schedules constitute an admission that the debts are owed).

■ A second common situation is where the claim correlates by account number to a claim scheduled by the debtor, but the amount of the claim exceeds the scheduled amount. In these situations, the proper objection is that the claimant has not established its claim to the extent it exceeds the amount the debtor admits is owed. *Shank*, 315 B.R. at 815. If the original proof of claim contains only summary information and lacks the documentation necessary under Rule 3001 to establish prima facie validity, the claimant will have the burden of establishing its claim for the excess amounts, including, for example, providing a breakdown of how it calculated charges such as interest, late fees, or attorneys fees if it is these types of charges which represent the challenged amount. *Burkett*, 329 B.R. at 830; *Cluff*, 313 B.R. at 335.

This second scenario exists here for Valdivia Claim Number 9 and Number 10. The accounts referenced in those claims are scheduled by the Debtor, but the claims exceed the scheduled amount. Claim 9 is for $5,926.86 and is scheduled for $4,570.01; Claim 10 is for $403.30 and is scheduled for $325.97. As to these two claims, the Debtor's objection, based solely on lack of documentation, will be overruled, but without prejudice to the Debtor filing a renewed objection challenging the amount of the claim in excess of the amount scheduled if Valdivia questions the basis for these additional amounts. If a renewed objection is filed, the claimant will be required to establish the validity of these questioned amounts. This may require the claimant to produce a copy of one or more account statements and an explanation of how the finance charges and late charges were calculated.

■ The last situation this opinion will address is one in which the debtor has not scheduled the debt at all and files an objection contesting the existence of any such debt. In those situations, necessary documentation may include the original account agreement or at least copies of account statements evidencing the debt. This appears to be the situation here with respect to Moreno Claim Number 7. As with all of the other objections at issue here, the Debtor's objection based solely on lack of documentation will be overruled. The Debtor, however, may file a renewed objection challenging the amount or validity of this claim. As noted earlier, neither the account number nor the creditor referenced in the claim is scheduled. If the Debtor disputes owing money on this account, and files a renewed objection, the claimant will have the burden of presenting sufficient documentation to prove that the account referenced in the claim was an account of this Debtor and documents, including account statements, proving up the amount of the claim.

### Conclusion

Many courts have wrestled with the issue of what documents are necessary to support proofs of claim, particularly credit card claims. This Court's bottom line is simple. Debtors may not file objections based solely on lack of documentation. If all or part of a claim is challenged, the objection must provide the basis for that challenge. Moreover, if a debt is scheduled, particularly where it is scheduled for an amount equal to or exceeding the amount in the proof of claim, this Court will not tolerate attempts to obtain orders disallowing these claims if the only basis for the objection is lack of documentation. Creditors should rightfully be put to the test if their claims include unsubstantiated charges. The gig is up, however, on debtors taking advantage of the cost of responding to claims objections and obtaining orders striking claims which the debtor

has acknowledged owing in whole or substantial part.

For the foregoing reasons, it is—

**ORDERED** as follows:

1.   Moreno's objection to Claim Number 6 is overruled with prejudice.

2.   Moreno's objection to Claim Number 7 is overruled without prejudice to Moreno filing a renewed objection if, as his schedules reflect, he denies having any liability on the account described in this claim.

3.   Valdivia's objection to Claim Number 16 is overruled with prejudice.

4.   Valdivia's objection to Claim Numbers 9 and 10 is overruled without prejudice to Valdivia filing a renewed objection. Any renewed objection may only contest that portion of each claim which exceeds the amount he scheduled for each of these accounts.

5.   The Clerk shall docket this Order in both of the above-styled cases.