**In re Hilario GONZALEZ, II, Debtor.**

**No. 02–15900–BKC–RAM.**

United States Bankruptcy Court,
S.D. Florida,
Miami Division.

Dec. 7, 2006.

Michael J. Brooks, Esq., Miami, FL, for Debtor.

## ORDER SUSTAINING IN PART AND OVERRULING IN PART DEBTOR'S OBJECTION TO CLAIM

ROBERT A. MARK, Bankruptcy Judge.

The Court conducted a hearing on November 14, 2006, on the Debtor's Objection to Claim No. 5 (the "Claim") filed by Creditor, First Select (the "Objection") (CP# 5). First Select did not file a response to the Objection nor did it appear at the November 14th hearing. The Debtor argues that the Claim should be stricken for two reasons. First, the Debtor alleges that First Select failed to attach documentation providing a breakdown of the Claim. Second, Debtor argues that First Select failed to attach proof of an assignment of the Claim from the original account holder, MBNA America Bank, N.A. ("MBNA") to First Select. For the reasons that follow, the Objection will be overruled, except to the extent the Claim amount exceeds the scheduled amount of the MBNA debt.

### Factual and Procedural Background

First Select timely filed its Claim on November 12, 2005, in the amount of *$27,491.77*. The Addendum to Proof of Claim consists of two pages. The first page contains the following statement:

> "First Select purchased a portfolio of credit card accounts, including the referenced account, from MBNA America Bank, N.A."

The second page of the Addendum is a computer printout showing an account balance of *$27,491.17*. The printout does not provide a breakdown of how the claim amount was calculated. The Debtor's Schedule F lists MBNA as a creditor with a liquidated undisputed debt in the amount of *$27,000*.

### Discussion

■■■ This Court has previously ruled that an unsecured creditor's failure to attach supporting documents to its proof of claim is not, by itself, a basis for disallowance of an unsecured credit card claim. *In re Moreno*, 341 B.R. 813, 816 (Bankr. S.D.Fla.2006). In that opinion, the Court noted that the documentation necessary to establish prima facie validity of a claim is not susceptible to a bright line test. *Id.* at 818. The documentation necessary may depend on how the claim is scheduled. Where, as in this case, the scheduled amount is $27,000 and the Claim is for $27,491.77, the Objection (and request for documentation) should have been limited to the $491.77 difference between the Claim amount and the scheduled amount. *Id.* at 819. Since First Select did not respond to the Objection and the computer printout attached to the Claim does not provide a breakdown, the Objection will be sustained in part, and the Claim allowed at the scheduled amount of $27,000.

■■■ The second issue presented in the Objection was not addressed in *Moreno*, specifically, whether failure to attach evidence of an assignment provides a basis to disallow a claim filed by a party purporting to have purchased a claim from the original account holder.

As described earlier, First Select stated in the Addendum attached to the Claim that it had purchased the account previously owned by MBNA. The Debtor argues that this statement is insufficient to

establish ownership and therefore the Court should disallow the Claim since First Select did not produce evidence of the assignment in response to the Objection. The Court disagrees.

 First, Rule 3001(e)(2), Fed. R.Bankr.P., requires evidence of a transfer of a claim only if the claim is transferred *after* the original creditor filed a proof of claim. No similar requirement exists in Rule 3001(e)(1) if the claim is transferred *before* a proof of claim is filed.

Second, claimants are subject to criminal prosecution if a fraudulent claim is filed. 18 U.S.C. § 152(4). Therefore, a statement of ownership, like First Select's statement of ownership attached to the Claim here, is sufficient unless the Debtor has a good faith basis to believe that the claimant is not the owner or assignee of the debt.

Finally, the original account holder, MBNA, did not file a claim so there is no risk of double payment. Conversely, if the Claim was disallowed simply because the purchase or assignment documents are not attached, the Debtor would obtain a windfall by avoiding payment on a claim that was, in large part, scheduled as liquidated and undisputed.

### *Conclusion*

The Court reiterates and expands on what it said in *Moreno.* Claims objections must be based on a good faith belief that some or all of the amount claimed is not owed. The Court will not tolerate a practice in which debtors seek to disallow, in their entirety, claims which are scheduled in some amount as undisputed. An objection to claim based solely on lack of documentation is not well-founded. This includes, as raised here, documentation objections based on the absence of evidence proving the transfer of a claim.

Therefore, it is—

**ORDERED** as follows:

1. The Objection is sustained to the extent the First Select Claim exceeds the scheduled amount.

2. The Objection is denied to the extent it challenges any portion of the $27,000 amount scheduled for MBNA and to the extent it challenges the sufficiency of proof that First Select is the owner of the MBNA debt.

3. Claim No. 5 filed by First Select is allowed in the amount of $27,000.