### In re William HAEFNER, Jr., Debtor.

### No. 05–71406.

United States Bankruptcy Court, N.D. Ohio.

March 24, 2006.

Elliot H. Feit, Toledo, OH, for Debtor.

## DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This matter is before the Court after a Hearing on the Debtor's Objection to the Claim of Capital One Bank. The basis for the Debtor's objection is that the proof of claim filed by Capital One Bank "improperly contains the account number." (Doc. No. 19). Only counsel for the Debtor attended the Hearing. After considering the arguments presented, the Court, for the reasons set forth below, finds that the matter raised by the Debtor's objection is not yet ripe for determination, and therefore it must be Overruled.

On October 10, 2005, the Debtor, William C. Haefner, Jr., filed a petition in this Court for relief under Chapter 13 of the United States Bankruptcy Code. The Creditor, Capital Bank One, thereafter filed a proof of claim in the amount of $585.67. In filing its proof of claim, the Creditor used "Official Form 10," as revised in April of 2004.[1]

As required in the proof of claim form utilized by the Creditor, the Debtor's account number was listed in full. However, according to the Debtor, this is no longer permissible, and constitutes a fatal defect in the proof of claim, requiring the claim's complete disallowance. In more detail, it is the Debtor's position that, in filing a proof of claim, a creditor must redact the debtor's account number or be subject to the automatic disallowance of its claim. For this position, the Debtor relies exclusively on the E–Government Act of 2002.

The E–Government Act of 2002, Pub.L. No. 107–347, was signed into law on December 17, 2002. With some exceptions, the law became effective on April 16, 2003. Its purpose and function is to establish "a broad framework of measures that require using Internet-based information technology to enhance citizen access to Government information and services." Section 205 of the Act is applicable to the federal courts.

1. To share in a distribution of estate assets, an unsecured creditor must file a proof of claim. 11 U.S.C. § 501. In submitting a proof of claim, Bankruptcy Rules 3001(a) and 9009 require that a party use the Official Forms, or one that conforms substantially thereto.

590

At its center, § 205 requires that federal courts establish and maintain a website wherefrom the public may access information. Among the information required to be made available is the court's docket and documents related thereto which are filed electronically. § 205(a)(4)/(c)(1). In enacting the E–Government Act, however, Congress also sought to address the attendant problems which could arise when making court documents, many of which contain sensitive information, readily available to the public by means of the internet. As a result, in § 205(c)(3) of the E–Government Act, entitled "Privacy and Security Concerns," it is provided that the "Supreme Court shall prescribe rules ... to protect privacy and security concerns relating to electronic filing of documents and the public availability under this subsection of documents filed electronically." § 205(c)(3)(A)(I). Specifically contemplated in the Act as a viable method by which to accomplish this Congressional mandate is the redaction of certain categories of information. § 205(c)(3)(A)(iv)/(v).

■ Yet, it is still a far leap to conclude, as the Debtor then goes on to do, that the failure to strictly comply with the redaction requirements of the E–Government Act must lead to the automatic disallowance of a creditor's proof of claim. To begin with, it is questionable whether the E–Government Act, being a mandate directed at government agencies and not individuals, confers upon a party a private right of action. And even if it would, the type of affirmative relief sought by the Debtor normally requires a showing of damages. No such allegation, however, has been made. Looked at also from a different angle, case law has generally held that a proof of claim may only be disallowed for those statutory reasons enumerated in § 502(b); a procedural violation, such as that alleged here, therefore, can-

not serve as an independent ground for the disallowance of a creditor's proof of claim. *See, e.g., In re Burkett,* 329 B.R. 820, 826 (Bankr.S.D.Ohio 2005); *In re Cluff,* 313 B.R. 323, 331 (Bankr.D.Utah 2004).

■ But even assuming for a moment that these issues would not constitute a hindrance, the Debtor's position still has a fatal flaw: section 205(c)(3) of the E–Government Act does not set forth any time frame when the redaction of information must begin; nor, for that matter, does the Act specify what information is to be or must be redacted. Instead, with regards to the Supreme Court's duty to prescribe rules related to matters of security and privacy for electronically filed documents, the law simply provides these two overall guidelines: (1) to the extent practicable, the rules shall be uniform throughout the federal courts; and (2) the rules must "take into consideration best practices in Federal and State courts[.]" § 205(c)(3)(A)(ii)/(iii). Section 205(c)(3) of the E–Government Act is thus better viewed as an enabling statute, not a substantive provision from which the necessity for the redaction of an account number on a debtor's proof of claim account would arise as a matter of course with the Act's enactment. And as now explained, this means that the basis for the Debtor's action is premature since, at the time the Creditor filed its proof of claim, the redaction of a debtor's account number was not required when filing a proof of claim.

Under 28 U.S.C. § 2073, the Judicial Conference of the United States is charged by the Congress of the United States with making recommendations to the Supreme Court for needed modifications to the Bankruptcy Rules, including modifications to the Official Bankruptcy Forms. *See also* 28 U.S.C. § 2075. Section 205(c) of the E–Government Act also supplements this role by conferring upon the Judicial

Conference the authority to establish interim rules (i.e., before the Supreme Court prescribes its rules) to implement the Act's security and privacy provisions. § 205(c)(3)(B)(i)/(ii). Operating under this authority, the "Advisory Committee on Bankruptcy Rules for the Judicial Conference" first addressed, at its March of 2004 meeting, the possibility of modifying Official Form 10, proof of claim, so as to comply with the E–Government Act's mandate to protect the privacy rights of parties. As taken from the minutes of this meeting:

> . . . since the privacy-related amendments took effect on December 1, 2003, . . . there are three Official Forms that require conforming amendments. The Three Forms are Form 10, Proof of Claim . . . .
>
> As amended in December 2003, Form 10 provides that a wage claimant disclose only the last four digits of the claimant's Social Security number. Court personnel, however, have pointed out that there is not a similar limitation on the "Account or other number by which creditor identifies debtor."

Stemming from this, a new Official Form 10, proof of claim, was subsequently developed, wherein a creditor is directed to only set forth the "[l]ast four digits of account or other number by which creditor identifies debtor[.]" But as set forth near the form's caption,[2] and under a General Order issued for the entire Northern District of Ohio,[3] this modification did not become effective until October, 17, 2005, at the same time the new Bankruptcy Bill took effect. The record in this case, however, shows that the Creditor filed its original proof of claim on October 10, 2005, just prior to this effective date.

The prior official proof of claim form was thus in effect at the time the Creditor filed its claim. But inapposite to the Debtor's position, this official form, which was amended the preceding April, did not require the redaction of a debtor's account number. Rather the form asked simply for the debtor's account number. Accordingly, the Creditor was not required under the E–Government Act to redact the Debtor's account number when submitting its proof of claim. Thus, regardless if the Debtor is correct in his contention that a creditor's proof of claim may be disallowed on solely the basis that it failed to comply with the E–Government Act of 2002, the Debtor's objection must be Overruled as no actual violation of the Act occurred in this case.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Objection of the Debtor, William Haefner, Jr., to the Proof of Claim filed by the Creditor, Capital One Bank, be, and is hereby, OVERRULED.

---

2. In the upper right hand corner of the form, it is listed "10/05" corresponding to October 2005. All official forms for their effective date only list the month and the year. While this could be taken to mean October 1, 2005, for an effective date, it is clear from its context that the effective date of the Form was to correspond with the effective date of the new bankruptcy bill, October 17, 2005.

3. Amended General Order No. 2005–11 (J. Carr).