**In re Bruce and Ina LENTZ, Debtors.**

**Ina Lentz, Plaintiff,**

**v.**

**Bureau of Medical Economics, Defendant.**

**Bankruptcy No. 09–10319.
Adversary No. 09–01076.**

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

June 4, 2009.

895

Blake Owen Brewer, Independence, OH, for Plaintiff.

Boyd W. Gentry, Surdyk, Dowd & Turner Co., L.P.A., John P. Langenderfer, Miamisburg, OH, for Defendant.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

The matter before this Court is a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) ("Motion") filed by Defendant Bureau of Medical Economics. The Plaintiff, Ina Lentz, filed a complaint seeking Injunctive Relief, Damages, Disallowance of Claim and Other Relief in a Core Adversary Proceeding. The Plaintiff did not file a response to the Defendant's dismissal Motion. Core jurisdiction of this matter is acquired under provisions of 28

U.S.C. § 157(b)(2), 28 U.S.C. § 1334, and General Order No. 84 of this district. Upon a duly noticed hearing and an examination of the record, generally, the following factual findings and conclusions of law are herein made:

\*

Co–Debtors, Bruce and Ina Lentz, filed their joint petition for relief under Chapter 13 of the Bankruptcy Code on January 17, 2009. Prior to filing said petition, the Plaintiff incurred a debt for medical services provided by the Defendant's assignee. The Defendant is a debt collector agency located in Phoenix, Arizona. When the Plaintiff filed for bankruptcy, the Defendant filed a sworn Proof of Claim, denoted as claim # 5. The claim was listed as unsecured in the amount of $239. *See Complaint* at ¶ 7. The Proof of Claim, a two-page document, contained the Plaintiff's Social Security Number, as well as her non-filing daughter's full name and date of birth, unredacted. *Id.* at ¶ 8. Consequently, the Plaintiff filed a four-count complaint seeking damages and injunctive relief.

The Plaintiff asserts that the Defendant's actions were an intentional violation of several privacy statutes and bankruptcy procedural rules. Specifically, the Complaint sets forth four causes of actions: 1) Objection to Claim; 2) Violation of Gramm–Leach–Bliley Act; 3) Contempt of Court and Violation of Federal District Court and Bankruptcy Court Orders and Policies Against Disclosure of Personal Identifiers and Sensitive Data; and 4) Contempt of Court and Violation of Federal Rule of Bankruptcy Procedure 9037. Subsequently, the Defendant filed its Motion to dismiss.

\* \*

The Court must determine whether the Complaint, as premised, is procedurally deficient to warrant dismissal pursuant to Rule 12(b)(6).

\* \* \*

The standard which addresses the Defendant's Motion is contained in Rule 12(b)(6) and allows dismissal of a complaint on the pleadings if the complaint "fails to state a claim upon which relief can be granted." Fed.R.Civ.P. Rule 12(b)(6). A motion to dismiss prosecuted pursuant to Rule 12(b)(6) is designed to test the "legal sufficiency of a complaint[,]" *York v. Association of Bar of City of New York*, 286 F.3d 122, 125 (2d Cir., 2002); *Goldman v. Belden*, 754 F.2d 1059, 1067 (2nd Cir., 1985); *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir., 1996) not weigh the evidence which might be presented at trial. The trier of fact is, therefore, limited to the four corners of the pleadings. *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir., 2001).

When determining the sufficiency of a complaint, the court should "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand, C.P.A.*, 272 F.3d 356, 360 (6th Cir., 2001). The court is not required to accept legal conclusions or unwarranted factual inferences as true. *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir., 2002). Instead, the focus should be upon "whether the plaintiff has pled a cognizable claim[,]" *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 452 (6th Cir., 2003), and whether the complaint contains "either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir., 2007) ("Though decidedly liberal, the standard does re-

quire more than bare assertions of legal conclusions[, and a plaintiff's] obligations to provide the 'grounds' of . . . entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action.") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007)).

The Supreme Court adopted a plausibility standard for a complaint to withstand a Rule 12(b)(6) motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiffs obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .' Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp.* 127 S.Ct at 1964–65. The complaint must state factual "allegations plausibly suggesting (not merely consistent with)" each of the elements necessary to entitle the plaintiff to the relief sought. *Id.* at 1966.

\* \* \* \*

The Defendant herein asserts that each count of the Plaintiff's Complaint should be dismissed based on the Rule 12(b)(6) standard. Count I of the Complaint, entitled Objection to Claim, asserts that the Defendant intentionally revealed, to the general public, the Plaintiff's private and sensitive data and non-public information in violation of the Local Rules and Rule 9037, Fed.R.Bankr.P. Consequently, the Plaintiff seeks for the claim to be stricken, canceled and forever discharged. The Plaintiff further requests that the Defendant be sanctioned for such conduct and for the Plaintiff to be awarded attorney fees and expenses. *Complaint* ¶ 18–20.

In response to Count I, the Defendant contends that its proof of claim should be allowed because the only basis for disallowance of a claim, found within the enumerated exceptions in 11 U.S.C. § 502(b), was not pled by the Plaintiff. The Defendant asserts that the only relief afforded to the Plaintiff is found within Rule 9037, and, since the Plaintiff seeks relief beyond the scope of the Rule, the relief should be denied.

Under Count II, the Plaintiff asserts that the Defendant, in failing to redact personal information from the proof of claim, violated the requirements of the Gramm–Leach Bliley Act and seeks damages for the mental anguish and emotional distress suffered. *Id.* at ¶ 29. In response, the Defendant declares that this count should be dismissed because no private right of action under this Act exists.

Finally, under Counts III and IV, the Plaintiff contends that, pursuant to 11 U.S.C. § 105, this Court has the inherent ability to enforce equitable remedies for violations of court orders and Rule 9037. Plaintiff further requests an order of contempt for both violations. The Defendant objects to the relief sought by the Plaintiff. It asserts that no private right of action exists when a plaintiff seeks relief under § 105(a) alone. In order to invoke the equitable powers of § 105, the Plaintiff must correlate it with another section of the Bankruptcy Code. The Defendant concludes that, because the Plaintiff failed to make said correlation, no private right of action exists and both counts should be dismissed.

*Count I: Objection to Claim*

██ Case law has consistently held that a proof of claim may only be disallowed upon the nine (9) statutory reasons enumerated in 11 U.S.C. § 502(b) of the

**898**

Bankruptcy Code. However, the Plaintiff has not raised any of the exceptions in her complaint. Nor does she assert a challenge to the validity or amount of the proof of claim that would result in its disallowance on procedural grounds. *See In re Cordier*, No. 08–2037, 2009 WL 890604, at *3 (Bkrtcy.D.Conn. March 27, 2009); *See also In re French*, 401 B.R. 295, 308 (Bankr.E.D.Tenn., 2009); *Bankruptcy Schedules* (Plaintiff listed the Defendant on her bankruptcy schedules as a creditor, thereby not objecting to said claim based on validity). Plaintiff objects to the Defendant's claim based solely on an alleged procedural violation of Rule 9037, which cannot serve as an independent ground for the disallowance of a creditor's proof of claim. *See, e.g., In re Burkett*, 329 B.R. 820, 826 (Bankr.S.D.Ohio, 2005); *In re Cluff*, 313 B.R. 323, 331 (Bankr.D.Utah, 2004).

Rule 9037 enumerates the remedies for violating privacy procedural rules. *French*, 401 B.R. 295 at 307. Rule 9037 provides in relevant part:

(a) Unless the court orders otherwise, in an electronic or paper filing made with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual, other than the debtor, known to be and identified as a minor, or a financial-account number, a party or nonparty making the filing may include only: 1)the last four digits of the social-security number and taxpayer-identification number; 2)the year of the individual's birth; 3) the minor's initials; and 4) the last four digits of the financial-account number . . .

(d) For cause, the court may by order in a case under the Code: 1) require redaction of additional information; or 2)limit or prohibit a nonparty's remote electron-ic access to a document filed with the court.

Fed.R.Bankr.P. 9037. Rule 9037, however, does not provide a private right of action for the relief sought by the Plaintiff. *See In re Haefner*, 345 B.R. 588, 590 (Bankr.N.D.Ohio, 2006) (holding that a proof of claim with an unredacted social security number is not grounds for disallowance of the claim). The only remedy available to the Plaintiff is either an order from this court requiring redaction of the private information or limitation or prohibition of a nonparty's remote electronic access to the proof of claim. The Plaintiff seeks relief beyond the scope of Rule 9037, therefore, Count I does not provide a basis upon which relief may be granted.

Furthermore, the method in which the Plaintiff seeks relief is procedurally deficient. The filing of an objection to a proof of claim creates a dispute which is a contested matter governed by Rule 9014. *See* Fed.R.Bankr.P 9014 (Advisory Committee Notes). Pursuant to Rule 9014, Fed.R.Bankr.P, relief sought through contested matters must be prosecuted upon a duly filed motion. Fed.R.Bankr.P. 9014. Consequently, for substantive and procedural deficiencies Count I is hereby dismissed.

*Count II: Gramm–Leach–Bliley Act*

Count II alleges that the Defendant violated the Gramm–Leach–Bliley Act, 15 U.S.C. § 6801–6809 (hereafter "GLBA") in filing the unredacted proof of claim. The GLBA provides, in pertinent part, that "[i]t is the policy of Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information." 15 U.S.C. § 6801(a). With this Act, Congress intended to increase consumer confi-

dence by addressing the growing concern among Americans of the rapid dissemination of private information to the public. Therefore, Title V was enacted to "protect the confidentiality of consumers' personal financial information and provide consumers with this power to choose how their personal financial information may be used by their financial institutions, without undermining the benefits that consumers stand to reap as a result [of the GLBA]." *H.R. REP. NO. 106–074(III)*, at 106–107 (1999). GLBA privacy provisions were intended to prevent adverse consequences such as credit card fraud, identity theft and other forms of privacy invasion.

 Despite the need for protecting consumer's private data, courts have consistently held that there is no private right of action created by Congress in the GLBA. *See Dunmire v. Morgan Stanley DW Inc.*, 475 F.3d 956 (8th Cir., 2007) (listing numerous cases holding the same); *In re Southhall*, No. 07–00115, 2008 WL 5330001, at *4 (Bankr.N.D.Ala. Dec. 18, 2008); *French*, 401 B.R. 295 at 309. In making that determination, courts consider applicable rules of statutory construction. The court begins its search for Congress' intent within the text and structure of the statute. If the statute is clear, then the inquiry can end there. However, if there is any ambiguity, an implicit inquiry is required.

The provision of the GLBA entitled "Enforcement" specifically provides that federal and state regulators are responsible for enforcing the GLBA. *See* 15 U.S.C. § 6805(a) ("This subchapter and the regulations prescribed thereunder shall be enforced by the Federal functional regulators, the State insurance authorities, and the Federal Trade Commission with respect to the financial institutions and other persons subject to their jurisdiction...."). The text does not explicitly create a pri-

vate right of action nor does it explicitly state that one does not exist. Therefore, an implicit inquiry is needed to determine whether an implied private right of action was created through Congressional intent.

 Only Congress can create private rights of action to enforce federal law. *Alexander v. Sandoval*, 532 U.S. 275, 286, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001). For an implied right of action to exist, the statute must "demonstrate Congress' intent to create (1) a personal right, and (2) a private remedy." *Id.* "Statutory intent on this latter point is determinative." *Id.*

 The court in *Briggs*, referencing the reasoning in *Sandoval*, found that there was no congressional intent within the GLBA for an implied private right of action. *Briggs v. Emporia State Bank and Trust Co.*, No. 05–2125, 2005 WL 2035038, at *2–3 (D.Kan. Aug.23, 2005). The Court noted that "[t]he fact that Congress expressly provided for one method of enforcing the GLBA suggests that Congress intended to preclude others." *Briggs*, 2005 WL 2035038, at *2; *Sandoval*, 532 U.S. at 290, 121 S.Ct. 1511. In other words, the regulatory scheme is *the* exclusive method for enforcing the statute and no implicit remedy is found. Therefore, absent Congressional intent to the contrary, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Id.* at 286–87, 121 S.Ct. 1511; *Briggs*, 2005 WL 2035038, at *2–3; *see, e.g., Menton v. Experian Corp.*, No. 02–CV–4687, 2003 WL 21692820, at *3 (S.D.N.Y. July 21, 2003). Since no private right of action under the GLBA exists, the Plaintiff lacks standing to seek relief under this Act.

 Additionally under Count III, the Plaintiff seeks damages for her alleged

mental anguish and emotional distress which are personal injury matters. *Complaint* ¶ 29. Personal injury matters are not subject to the bankruptcy court's jurisdiction. In enacting 28 U.S.C. § 157, Congress entrusted the district court with the authority to refer matters under Title 11 to the bankruptcy judges in their district. The statute provides a non-exhaustive list of core-proceedings which bankruptcy judges may adjudicate.[1] Not included in that list are personal injury matters. Specifically, the statute provides in relevant part that "personal injury tort claims shall be tried in the district court in which the bankruptcy case is pending or in the district in which the claim arose[.]" 28 U.S.C. § 157(b)(5). Consequently, for lack of subject matter jurisdiction, Count II is hereby dismissed.

*Count III & IV: Contempt*

 Section § 105 grants courts the authority to apply equitable measures. It provides in relevant part:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C.A. § 105. The first sentence of § 105 refers to the court's authority "to carry out the provisions of this title [11]."

11 U.S.C. § 105. The language of § 105 does not, however, "confer on courts broad remedial powers." *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417 (6th Cir., 2000). "The provisions of this title denote a set of remedies fixed by Congress [and] a court cannot legislate to add to them." *Id.* The *Pertuso* court opined that § 105 does not itself create a private right of action, but may be invoked to preserve a right elsewhere in the Code. *Id.*; *In re Yancey*, 301 B.R. 861, 868 (Bankr.W.D.Tenn., 2003).[2]

 Count III fails to correlate § 105 with any authority within the Bankruptcy Code as required by the Sixth Circuit in *Pertuso*. Since Count III attempts to create a private right of action based on § 105(a) alone, Count III must be dismissed. Additionally, Count III is also procedurally deficient as contempt relief must be prosecuted by motion, not by the commencing of an adversary proceeding. Fed.R.Bankr.P. 9020; Fed.R.Bankr.P 9014.

 Unlike Count III, Count IV specifically correlates § 105(a) with Rule 9037, Fed.R.Bankr.P. Although Rule 9037 does not create a specific private right of action regarding orders of contempt, violations of the Rule may give rise to a contempt order. *French*, 401 B.R. at 314. Demonstrating the same procedural deficiencies as Count III, Count IV must be dismissed.

In addition to the relief sought in this Complaint, the Plaintiff previously requested this Court to restrict public access to the subject proof of claim containing the unredacted personal identifiers, pursuant to Rule 9037, Fed.R.Bankr.P.[3] The Court

---

1. 28 U.S.C. § 157(c)(1) provides that a bankruptcy judge may hear a non core proceeding, but must submit any proposed findings of facts and conclusions of law to the district court for any final order or judgment to be entered there.

2. Section 105(a) expressly authorizes courts to enforce and implement court orders and rules, which includes Federal Rules of Bankruptcy Procedure. *See French*, 401 B.R. at 315.

3. For cause, the court may by order in a case under the Code: 1) require redaction of addi-

granted said Motion. *See* Order dated February 18, 2009. Therefore, the Court need not grant the Plaintiff further relief regarding this matter.

\* \* \* \* \*

Accordingly, the Defendant's unopposed Motion to Dismiss is hereby granted. Each party is to bear its respective costs.

**IT IS SO ORDERED.**

tional information; or 2)limit or prohibit a nonparty's remote electronic access to a document filed with the court. Fed.R.Bankr.P 9037(d).